THEODORE H. JOHNSON vs. HENRY H. FULLER.

Argued Nov. 6, 1893. Affirmed Nov. 14, 1893.

No. 8539.

Contract to sell lot construed.

In a contract to convey real estate, on which $30 had been paid, the remainder of the price to be paid on delivery of a warranty deed, was this clause: "In case the title shall be ascertained to be unmarketable to such an extent as to warrant the purchaser in refusing the same, and he shall so refuse the same on that ground, the vendor shall not be liable to any damage, and the said sum of $30, paid by the purchaser, shall be returned to him." *Held* that, on the title proving unmarketable, the vendee might either fulfill the contract on his part, take a conveyance, and rely on the covenants in it to protect him against defects in the title, or refuse to fulfill, and receive back the $30,—in effect, to rescind the contract.

Appeal by defendant, Henry H. Fuller, from an order of the District Court of Washington County, *W. C. Williston*, J., made January 12, 1893, overruling his demurrer to the complaint.

On November 30, 1888, Ida M. Essery made a contract with Henry H. Fuller to sell to him for $600 the north half of lot one (1) in block twelve (12) of the Town of Wilson in Section twenty T. 30 R. 21 in Washington County. He paid $30 and was to pay the balance on delivery of a warranty deed. He was to have a reasonable time, not exceeding thirty days, for examination of the title. If it should be found unmarketable and he refused it on that ground, she was to return the $30 and not be liable for damages. This contract was recorded in the Registry of Deeds of that county. On December 30, 1888, he notified her that he had ascertained that her title was not

good and he refused to take the deed on that ground, and refused to pay the balance of the price. She then offered to return to him the $30, but he refused to accept it and claimed that she was bound to obtain and convey to him a good title. This she refused to do and sold and conveyed the half lot to the plaintiff, Theodore H. Johnson. He commenced this action and in his complaint stated these facts, set forth a copy of the contract and demanded judgment that the contract and the record thereof be cancelled and the property relieved from the cloud cast on his title thereby. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The trial Court overruled the demurrer and ordered judgment for the plaintiff as prayed in the complaint. From this order defendant appeals.

*Walter L. Chapin*, for appellant.

*Daniel W. Doty*, for respondent.

GILFILLAN, C. J. Action to clear a cloud on title to real estate cast by a recorded contract to convey. The price was $600; $30 paid at the execution of the contract, the remainder to be paid on the delivery of the deed. There were these clauses in the contract: "A reasonable time, not exceeding thirty days, is to be allowed for examination of title; and the form of conveyance is to be warranty deed. In case the title shall be ascertained to be unmarketable to such an extent as to warrant the purchaser in refusing the same, and he shall so refuse the same upon that ground, the vendor shall not be liable to any damage, and the said sum of $30, paid by the purchaser, shall be returned to him."

The defendant, the vendee, deeming the title unmarketable, refused to accept a conveyance, and also refused to receive back the $30; and he now claims that the contract still remains in force, so that he can compel a conveyance. There could be no damages recovered, for the contract expressly excludes that; and a conveyance is just what he refused to take. His claim is, in effect, that he could refuse to accept a conveyance, and at any time afterwards compel the vendor to make one. The contract certainly did not contemplate any such thing. What it clearly intended was that if, at the end of the thirty days, the title should be unmarketable, the vendee might do either of two things: First, perform the contract, and

take a conveyance, relying on the covenants in it as security against any defects in the title; or, second, refuse to perform, and receive back the money paid on it,—in effect, to rescind the contract. His choice to do one or the other of these would fix the rights of the parties from that time on. Having refused to perform, the vendee's only right was to receive back the $30.

Order affirmed.

(Opinion published 56 N. W. Rep. 813.)