ELIZABETH JARMY *vs.* DULUTH STREET RAILWAY CO.

Argued Nov. 2, 1893. Reversed Nov. 14, 1893.

No. 8378.

**Duty of conductor to passengers alighting from street car.**

When a street car stops for passengers to alight, if there is a rush of passengers to get off, crowding and jostling each other, it may be the duty of the conductor to use reasonable efforts to check it, to the end that passengers may not be injured or unnecessarily interfered with in their getting off, but it is not his duty to assist specially any one of the well, able-bodied passengers, unless he sees that one to be in special danger, or in some measure unable to take care of himself.

Appeal by defendant, the Duluth Street Railway Company, from an order of the District Court of St. Louis County, *J. D. Ensign,* J., made March 23, 1893, granting plaintiff's motion for a new trial after verdict for defendant.

On May 21, 1892, the plaintiff, Elizabeth Jarmy and her daughter rode, from West Duluth to the corner of Superior Street and Fifth Avenue West in Duluth, upon an electric railway car operated by the defendant. Plaintiff brought this action to recover for personal injuries received when alighting from the car. She was a witness on the trial and testified that there was quite a crowd of passengers who got off at this point. That they pushed and jostled her when she was attempting to alight. That another passenger behind her stepped upon the skirt of her dress and she fell on the street and was injured. She asked judgment for $10,000 damages,

claiming the injuries occurred from negligence of defendant in not restraining and keeping back the persons behind her and in failing to assist her while she was attempting to alight from the car.

At the trial the Judge charged the jury that defendant was not under any obligation to the plaintiff to assist her to alight from the car. The jury returned a verdict for defendant. The plaintiff moved for a new trial and the Court granted it on the ground that whether or not it was the duty of the defendant under the circumstances to assist the plaintiff to alight was a question for the jury and should have been submitted to them. From this order defendant appeals.

*Billson & Congdon,* for appellant.
*Wilson & Wray,* for respondent.

GILFILLAN, C. J. This is an action to recover for a personal injury to plaintiff while she was alighting from one of defendant's cars, in which she had been carried as a passenger. Upon a trial in the District Court the jury rendered a verdict for the defendant. On plaintiff's motion the court granted a new trial, on the ground that one of the instructions to the jury was (as the court concluded on the motion) erroneous. We are satisfied the instruction was right, and it was therefore error to grant a new trial.

The facts, so far as necessary to show the bearing of the instruction, were: Plaintiff and her daughter had been riding in the car, which seems to have been crowded with passengers, and, on arrival at the place where they desired to alight, the car stopped, and they got off,—the daughter first; plaintiff following. When she stepped, or was about stepping, to the ground, she fell and was injured. The cause of her falling, as she claims in her evidence, was that as she was on the rear platform of the car, about to get off, there was what may be called a rush of people behind her and on the platform trying to get off, and in the rush they pushed, crowded, or jostled her off, so that she fell. The testimony of other witnesses would justify the conclusion that there was no rush, no pushing or crowding, and that, if any one jostled her, it was only casually.

The instruction for giving which a new trial was ordered was: "The defendant was not under any obligation to plaintiff to assist her to alight from this car."

It is conceded that, if there was such a rush as plaintiff's evidence indicates, it was the duty of defendant's conductor to use reasonable efforts to check it, to the end that passengers should not be injured nor unnecessarily interfered with in their getting off; and respondent claims that that, or something of that character, is the assistance referred to in the instruction.    It means, however, a more particular assistance than that; something to be done for her personally and especially, beyond what might be done for the passengers getting off generally.

For aught that appears, plaintiff was as able to get on and off a street car as anybody.    There is no suggestion that she needed assistance, except as the danger caused by the rush she testifies to might make it necessary.    If, as indicated by the testimony of some of the witnesses, there was no crowding or pushing,—nothing to interfere with a passenger getting off,—there was no duty on the part of the conductor to assist any well, able-bodied passenger. On the other hand, if, as indicated by her testimony, the rush was such as to interfere with the safety and convenience of those in front desiring to alight, it was his duty to all the passengers about getting off, to give his attention to checking the rush, and it was not his duty to give his attention to assisting any one passenger beyond the others, unless he saw and knew that one to be in especial danger, or to be in some measure unable to take care of herself; and there is no evidence that he had reason to apprehend danger to plaintiff more than to her daughter, or a lady friend with her, or any one of a considerable number who alighted at the same time.

The court did not grant the new trial because of admitting the testimony of Dr. Boyer, nor was it required so to do.    The testimony was struck out on plaintiff's motion, and she could not have it struck out, and retain her exception to its admission.    The part of his testimony not struck out was not open to the objection that it was a privileged communication.

Order reversed.