OLIVER MINING COMPANY v. MERRILL M. CLARK and Others.[1]

June 24, 1896.

Nos. 10,060—(290).

**Vendor and Purchaser—Specific Performance—Delay—Enforcement against Subsequent Purchaser of Vendor.**

The complaint alleges that the plaintiff (vendee), holding an executory contract for the purchase of land, refused to accept the conveyance tendered by the defendant C. (vendor), because the title was unmarketable, and the land incumbered with the liens of certain judgments against a prior grantor, M. (which judgments were docketed before the conveyance by him to C.); that thereafter C. conveyed the land for value to the defendant A. E. Co., with notice of plaintiff's rights; and that the title has since improved by reason of the removal of some of said judgments, and the better financial condition of the judgment debtor, M. This action was since brought to compel specific performance of plaintiff's contract, and the complaint also alleged certain other clouds on the title, which plaintiff proposed to waive, and accept specific performance regardless of them. *Held*, for the reasons stated in the opinion, the court below did not err in striking out these latter allegations as irrelevant and redundant.

65   277
s69   75

[1] Reported in 68 N. W. 23.

Appeal by plaintiff from an order of the district court for St. Louis county, Moer, J., granting defendants' motion to strike from the complaint certain portions as irrelevant and redundant and as surplusage. Affirmed.

*Billson, Congdon & Dickinson,* for appellant.

*A. A. Harris, Henry E. Harris,* and *O. W. Baldwin,* for respondents.

CANTY, J. This is an appeal from an order striking out a part of the complaint as irrelevant and redundant.

The action is one for specific performance. The complaint alleges that on January 8, 1894, one Merritt was the owner of a certain undivided interest in a certain tract of land, and on that day conveyed such interest to one Clark, the deed of conveyance being recorded in the register's office on February 13, 1894; that on January 3, 1895, Clark, for a valuable consideration, did execute under seal to plaintiff a written agreement giving plaintiff the option for 60 days thereafter to purchase said undivided interest, which within the 60 days plaintiff elected to do, and so notified Clark, and was about to tender performance to him, "when said Clark thereupon waived such tender, and thereupon this plaintiff demanded from said Clark a conveyance of said premises"; that within six or seven days thereafter Clark tendered plaintiff a deed, but plaintiff refused to accept the same, or perform, because the premises were incumbered as hereinafter stated. Within three months prior to February 13, 1894, when the deed from Merritt to Clark was recorded as aforesaid, five money judgments were docketed against Merritt, and became liens on said premises. Shortly afterwards two more money judgments were docketed against Merritt, and the judgment creditors commenced creditors' suits against Merritt and Clark, alleging that the conveyance from the former to the latter was made for the purpose and with the intent of defrauding Merritt's creditors, and in each action a notice of lis pendens was filed. It is further alleged that thereafter, on March 11, 1895, Clark conveyed the premises to the American Exploration Company, and the latter then well knew of plaintiff's rights in the premises. It is further alleged that one of said creditors' suits has since been dismissed, and the judgment of the other creditor has been satisfied by a sale of the

premises, and a redemption from the sale, and that all of said other judgments have been paid and satisfied except two, one for $215 and the other for $5,238. It is further alleged that since the tender of said deed by Clark to plaintiff, the financial condition of Merritt has greatly improved, that he will in time pay all of the judgments against him, and now has property sufficient for that purpose. The prayer is that the exploration company be decreed to convey to plaintiff on performance on its part, but that a deduction of said amounts of $215 and $5,238 be made from the purchase price to be by it paid for the premises.

The foregoing is all that it is necessary here to state of what is left of the complaint after such portion was stricken out. The part stricken out is known as the thirteenth division of the complaint, which sets forth a large number of other money judgments which were entered and docketed against Merritt after the conveyance from him to Clark was recorded, and before the deed of Clark was tendered to plaintiff as aforesaid; and it is alleged that the obligations and causes of action on which these judgments were recovered existed before the conveyance from Merritt to Clark was made; that this conveyance was made without consideration, and for the purpose and with the intent of defrauding the creditors of Merritt, of all of which plaintiff had notice when Clark tendered the deed to it as aforesaid, and that all of these judgments are liens on the premises. We are of the opinion that all of this matter was properly stricken out.

It is contended by appellant that the allegations so stricken out show that the title of Clark was unmarketable; that it was not bound to accept such a title, and therefore it was justified in refusing the tender of the deed from Clark. If the rights of no one but Clark were here involved, we are not prepared to say that these allegations would not be material as tending to excuse plaintiff's delay in enforcing specific performance. As against Clark, we see no reason why plaintiff should not be allowed to take advantage of the changed conditions coming from the removal of some of the judgments as aforesaid, and the better financial condition of Merritt. But, while Clark may be a proper party to this action, he is merely a nominal party; specific performance must be enforced against the exploration company alone. The only relief which can

be had against Clark is for damages. The allegations of the complaint make no case for such damages, and none are sought. But although the exploration company had notice of plaintiff's rights, it seems to us it stands in a somewhat better position than Clark would if he had retained the title. The plaintiff would not, when the time for performance arrived, take its chances on this title. The exploration company took these chances, and paid a valuable consideration for the property. As far as the record shows, it acted in good faith in accepting a title refused by plaintiff. The subsequent change of conditions by which the title to the property has become somewhat better were not within the control of Clark, have not been brought about by his procurement, and, as far as appears, could not be reasonably anticipated. It is not necessary here to decide, and we do not decide, whether or not plaintiff is estopped, as against the exploration company, to take advantage of these changed conditions. The question has not been argued. But we do decide that, as against the exploration company, the change in conditions furnishes plaintiff no excuse for the delay and change of front which has taken place on its part.

This disposes of the case, and the order appealed from is affirmed.

## On Petition for Reargument.

### July 3, 1896.

CANTY, J. In its petition for reargument appellant urges that in our opinion herein we have not given sufficient importance to the allegations of its complaint that its contract with Clark was in full force and effect when the exploration company purchased of him, and that at the time it so purchased it well knew of plaintiff's rights. We fully considered the effect of these allegations. But, lest the opinion may not be fully understood, we will add a few words to what is there said.

When plaintiff refused Clark's title, that title was hopelessly involved. It was wholly out of Clark's power to clear it, and there was no probability whatever that it would ever be any better. Under these circumstances, a refusal by plaintiff to accept the title was intended to be an irrevocable refusal, and the exploration company had a right so to understand it. What was there at that time for plaintiff to wait for? It could not lie by, act dog in the manger,

refuse an incurable title itself, and for an indefinite length of time prevent every one else from taking that title. Under the circumstances appearing in the complaint, the exploration company had a right to regard plaintiff's refusal to accept this incurable title as an election to proceed for damages, if for anything. So far as appears by the complaint, the subsequent improvement of the title was wholly unexpected, and could not have been anticipated. Then, as to the exploration company, plaintiff's present suit must be regarded largely as an afterthought. For these reasons we held that the matter stricken out of the complaint furnished plaintiff no excuse for its delay of about a year in proceeding for specific performance.

The motion for a reargument is denied.