## JOHN WOODRUFF v. BEARMAN FRUIT COMPANY.[1]

May 28, 1909.

Nos. 16,202—(167).

**Contributory Negligence.**

It conclusively appears from the evidence that appellant was guilty of contributory negligence.

**Same — Waiver of Defense.**

Whether contributory negligence is an affirmative defense, to be specially pleaded, is not decided; but it is *held* that appellant waived the question at the trial by failure to object to that line of defense.

[1] Reported in 121 N. W. 426.

Action in the district court for Hennepin county to recover $1,300 for personal injuries. The facts are stated in the opinion. The case was tried before Holt, J., and a jury which returned a verdict in favor of plaintiff for $750. From an order vacating and setting aside the verdict and ordering judgment in favor of defendant notwithstanding the verdict, plaintiff appealed. Affirmed.

*Ludvig Arctander,* for appellant.

*Geo. C. Stiles* and *Wm. W. Bartlett,* for respondent.


LEWIS, J.

Respondent was engaged in the wholesale commission business in Minneapolis, and the sidewalk in front of the building contained a manhole, two feet in diameter, through which barrels of produce were transferred. On May 22, 1908, respondent had placed on the sidewalk, in front of its building, twelve barrels of apples, and appellant, a peddler, purchased the same, backed his wagon up to the sidewalk, and, with a helper, loaded the barrels into his wagon. Appellant claimed the barrels stood in two rows across the sidewalk, four barrels in each row and four barrels on top; that the iron manhole cover stood on its edge between the first and second barrels of the north row; and that, while engaged in lifting the first barrel of that row into the wagon, the cover fell over and struck his foot, causing injuries. Appellant recovered a verdict, and the trial court granted respondent's motion for judgment notwithstanding, upon the ground that it conclusively appeared from the evidence that appellant was guilty of contributory negligence.

The act of negligence charged in the complaint was in placing the cover, which weighed one hundred five pounds, between the barrels, so as to be concealed from view, and that it fell of its own accord when the barrel in front of it was removed. In answering, respondent pleaded a general denial, but did not specifically allege that appellant was guilty of contributory negligence; and it is now urged by appellant that the court erred in granting judgment notwithstanding the verdict upon the ground of contributory negligence, for the reason that no such issue was raised by the answer.

That the accident happened in the manner claimed by appellant was

vigorously contested by respondent, and throughout the trial respondent's counsel attempted to make it appear that, if the accident did happen in the manner claimed, appellant was guilty of contributory negligence. Some barrels and the manhole cover were taken into the courtroom and used to illustrate the manner in which the cover was placed, and the method appellant and his helper pursued in taking the barrels from the sidewalk. The helper testified that he saw the cover between the two barrels of the north row after they had picked up the first barrel in the south row, and that it leaned against the second barrel. The manhole was between the barrels and the sidewalk, and appellant claims it was covered with an open wooden grating at the time. He knew that the iron cover was not in its accustomed place. At the time the barrels were standing on the sidewalk the company delivered possession of them as they stood, and did not undertake to supervise the removal of them from the sidewalk. Appellant took the barrels as they stood on the sidewalk, and was required to exercise due care in removing them in such a way as to protect himself against accident from anything that might be located between the barrels or upon them. According to the undisputed testimony, the cover was so placed that it would not fall unless it was thrown out of position by the movement of the barrel which stood in front of it. Conceding the respondent was negligent in placing the cover between the barrels, we are satisfied that, had appellant exercised any care whatever in handling the barrels, he must have seen the cover. If he did not look at all, then he did not exercise due care.

We need not decide in this case whether contributory negligence is an affirmative defense, to be specially pleaded, or whether evidence thereof may be given under a general denial. As above stated, all through the trial respondent endeavored to show that appellant was guilty of contributory negligence, and no objection was made to that line of evidence; and the first time appellant intimated to the court that he considered the answer insufficient was in presenting a request to charge the jury. The case was tried on the theory of contributory negligence, and the objection on the ground that it was not pleaded was waived by appellant.

Affirmed.