# MARY E. HOBLIT v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

May 13, 1910.

Nos. 16,660—(79).

Street railway — injury to passenger leaving car.

Plaintiff, a passenger on defendant's street car, walked to the rear platform, and when the car had stopped was about to alight. There was conflict in the testimony as to whether the car lurched. It is *held:* (1) That defendant's negligence was for the jury; that the charge of the court as to the burden of proof was correct, upon the construction of that charge as a whole; (2) that there was no error in submitting the question of plaintiff's contributory negligence to the jury; (3) that the court properly charged, under the circumstances, that defendant was not negligent in failing to assist plaintiff from the platform; (4) that the court's rulings on evidence involved no reversible error.

Action in the district court for Hennepin county to recover $25,000 for personal injuries sustained while alighting from defendant's street car. The negligence alleged in the complaint was that, while plaintiff was upon the platform and step of the car and about to step therefrom, the car was negligently caused to move; that defendant through its conductor failed to assist the plaintiff from the platform and started the car before she had stepped to the ground, and through its motorman so operated the various devices which controlled the motion of the car as to move it while plaintiff was in the act of stepping to the ground. The answer was a general denial. The case was tried before Dickinson, J., and a jury which

[1] Reported in 126 N. W. 407.

---

[Note]   As to presumption of negligence from injury to passenger, see note to McGinn v. New Orleans R. & L. Co. (La.) 13 L. R. A. (N. S.) 601.

[Note]   As to negligence in getting on or off moving street car, see note to Jagger v. People's Street R. Co. (Pa.) 38 L. R. A. 786.

returned a verdict in favor of defendant. From an order denying plaintiff's motion to set aside the verdict and grant a new trial, she appealed. Affirmed.

*Wilson & Mercer* and *Frederick H. Stinchfield,* and *Wilson, Mercer, Holsinger, Swan & Ware,* for appellant.

*John F. Dahl, W. O. Stout,* and *D. R. Frost,* for respondent.

JAGGARD, J.

Plaintiff and appellant, a passenger on a car of defendant and respondent street railway company, rose from her seat when the car was approaching a certain corner, and walked to the back platform. The car stopped while the plaintiff was on that platform. Plaintiff introduced testimony tending to show that as the car stopped it lurched backward on an upgrade just as the gates were opened, whereby she was thrown from the car and injured. Witnesses for the defendant testified that no such lurching occurred after the car had stopped. Plaintiff was not offered nor given any assistance in alighting before the fall, but was helped afterwards to the sidewalk by several persons. The jury found for defendant. This appeal was taken from the order of the trial court denying plaintiff's motion for a new trial.

The question of defendant's negligence was for the jury. No reason appears for disturbing its findings.

Plaintiff insists that the trial court submitted to the jury the question of the burden of proof resting on plaintiff to show defendant's negligence in essentially the same manner as if plaintiff had been a mere third person, and not a passenger. If the charge actually given sustained plaintiff's contention, there could be no question as to its impropriety. In point of fact, however, the court gave the usual charge, that "it was the duty of the defendant company to exercise the highest degree of care and foresight, consistent with the proper and orderly conduct of its business in the operation of its cars as a common carrier, to carry its passengers safely, including the duty of allowing a sufficient length of time for passengers to alight when the car is stopped for that purpose, and when the gates are thrown open for the purpose of exit, and failure to perform

that duty, to exercise that degree of care, would constitute negligence on the part of the defendant, and if it resulted proximately in injury to a passenger, such neglect of duty, then there would be liability, assuming that the passenger himself was not guilty of any contributory negligence." Construed as a whole, the charge on this point was adequate. Nothing contained in Cleveland v. Hadley, 40 Ind. App. 731, 82 N. E. 1025, nor in the note thereto in 16 L. R. A. (N. S.) 527, on the "relation of doctrine res ipsa loquitur to burden of proof," has served to change this opinion.

2. The court repeatedly charged in a conventional manner concerning the duty on the part of the plaintiff to exercise care and her inability to recover if she was guilty of contributory negligence. Objection is not made to the form of the various charges. It is insisted, however, that there was no possible issue of contributory negligence. The complaint alleged that the plaintiff was thrown violently to the ground and injured, without "any fault or negligence on her part." The answer was a general denial. In consequence, it is familiar the defendant could avail itself of plaintiff's contributory negligence, in case the proof showed that the plaintiff was injured as the proximate result of her failure to exercise due care.

An examination of the record discloses facts justifying the submission of that issue to the jury. There was testimony that plaintiff appeared to have lost her balance, possibly because she was disconcerted in changing exits by which she was about to alight from the car, and in some way made a misstep. A witness testified that she caught her foot, or stumbled, and then fell. It was also testified that, when plaintiff was upon the platform, she did not use her hands to steady or support herself in any way. Whether her fall was accidental, or due to her own lack of care, or to defendant's negligence, was a question of fact for the jury.

3. Plaintiff's complaint alleged that defendant was negligent in failing to assist plaintiff from the platform. The court charged as a matter of law that the negligence of the company in this respect had not been established. Plaintiff "did not indicate that she needed any assistance in being helped off the car, and as to any

assistance afterwards it does not appear that any injury came to her by reason of her going home alone." The correctness of this ruling depends entirely upon the testimony. That testimony brings this case within the ruling in Jarmy v. Duluth Street Ry. Co., 55 Minn. 271, 56 N. W. 813.

4. Plaintiff also assigns error in the admission of the testimony of certain witnesses. An examination of the record has satisfied us that no reversible error appears in this connection.

Affirmed.