# ELIZABETH HILL v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

## ARCHIBALD HILL v. SAME.

December 9, 1910.

Nos. 16,778, 16,779—(116, 118).

**Pleading — contributory negligence — general denial.**

In personal injury actions, where the complaint is silent as to the plaintiff's negligence, contributory negligence on the part of the plaintiff is defensive matter, to be specially pleaded, and is not in issue by a general denial; distinguishing St. Anthony Falls Water Power Co. v. Eastman, 20 Minn. 249 (277), and Hocum v. Weitherick, 22 Minn. 152, wherein the rule is settled that the contributory negligence of the plaintiff is put in issue by a general denial, whenever the complaint negatives the plaintiff's negligence.

**Care required of carrier of passengers.**

The degree of care to be exercised by a common carrier with reference to its passengers is the highest degree of care and foresight consistent with the conduct of its business, or consistent with the practical operation of its road. Fewings v. Mendenhall, 88 Minn. 336; Campbell v. Duluth & Northeastern R. Co., 107 Minn. 358. A common carrier is required to take every reasonable precaution for the safety of its passengers. Smith v. St. Paul City Ry. Co., 32 Minn. 1.

**Care required of motorman of street car.**

That degree of care which would be exercised by the ordinary prudent person under the same circumstances is not the test applicable to a motorman of a street car, and it was error to so charge.

Two actions in the district court for Hennepin county, one by Elizabeth Hill to recover $5,036 for personal injuries caused by the alleged negligence of defendant's motorman in closing the gates of the car before plaintiff had entirely gotten through them in entering the car, and the other by Archibald Hill, her husband, for $535. In each case the answer was a general denial. The cases were tried together before Holt, J., and a jury which returned ver-

[1]Reported in 128 N. W. 831.

dicts in favor of defendant. From an order denying plaintiffs' motions for a new trial, they appealed. Reversed.

*Mead & Robertson,* for appellants.

*John F. Dahl, W. O. Stout* and *D. R. Frost,* for respondent.

LEWIS, J.

Plaintiff claims to have been injured by the negligent act of the motorman in closing the gate too soon while she was in the act of boarding a street car. A verdict was returned for defendant, and the case comes here for the consideration of two propositions: Was the defendant, under the pleadings, entitled to have submitted to the jury the question of plaintiff's contributory negligence? and the correctness of the charge as to the degree of care required by defendant.

1. The complaint did not negative the negligence of the plaintiff, and the answer was a general denial. The question seems never to have been definitely settled as to whether, under this state of pleadings, evidence of contributory negligence on the part of a plaintiff was receivable.

We believe the subject was first considered in the case of St. Anthony Falls Water Power Co. v. Eastman, 20 Minn. 249 (277). In that case the complaint negatived the negligence of plaintiff, and it was held that a general denial put in issue the plaintiff's contributory negligence. This decision was approved in Hocum v. Weitherick, 22 Minn. 152, where the complaint alleged that the injury was caused by the negligence of the defendant and without the fault of the plaintiff; but it was held that the burden was on the defendant to prove the contributory negligence of plaintiff, even where the complaint stated that he was free from fault. It has generally been assumed that these two cases established the rule that general denial raised the issue whether the complaint negatived plaintiff's negligence or not. But such conclusion is not warranted by an examination of the records. If the contributory negligence of plaintiff is defensive matter, and the burden rests on the defendant to prove it, he must necessarily plead it as a defense, unless the plaintiff had tendered the issue by alleging that the plaintiff was without fault. This

particular feature of the question was not embraced in the two decisions.

In order to clear up the confusion, it must be definitely understood that the decision in the first case cited merely holds that a general denial puts plaintiff's negligence in issue when the complaint alleges that he is free from negligence, and that the Hocum case simply holds that under such a state of pleadings the burden is still on the defendant to prove the contributory negligence of plaintiff. Of course, the plaintiff fails to make out a cause of action against the defendant if, in attempting to prove the negligence of defendant, he proves his own negligence.

The subject came up in O'Malley v. St. Paul, Minneapolis & Manitoba Ry. Co., 43 Minn. 289, 45 N. W. 440. The complaint in that action also negatived contributory negligence on the part of the plaintiff; but the answer alleged certain specific facts which were claimed to constitute negligence on the part of the child which had been injured, and on the part of his parents. The only question decided was that the defendant was restricted in the offer of evidence to the specific facts pleaded. Hoblit v. Minneapolis Street Ry. Co., 111 Minn. 77, 126 N. W. 407, was decided in accordance with St. Anthony Falls W. P. Co. v. Eastman, supra, although that case was not mentioned. In the case of Woodruff v. Bearman Fruit Co., 108 Minn. 118, 121 N. W. 426, the complaint was silent as to the negligence of the plaintiff, and the answer was a general denial. It was assumed that the question had not been settled; but the case went off on another point.

The rule that a general denial puts the plaintiff's contributory negligence in issue, when the complaint negatives such negligence, has become too well settled to be disturbed; but when the complaint does not negative the plaintiff's negligence, that issue becomes wholly defensive, and must be pleaded and proved.

2. With reference to the degree of care required of the street railway company, the court instructed the jury as follows: "The defendant is required to use the highest degree of care for the safety of the passengers; that is, the highest degree of care, taking into consideration all the circumstances, the circumstances that it is a

common carrier and that it is its duty to carry persons, not only safely, but also to carry them expeditiously and to accommodate the public in that way. Taking all the circumstances into consideration, it is, in view of these circumstances, the duty of the defendant to exercise the highest degree of care for the safety of its passengers, and that includes the duty of giving passengers reasonable time and opportunity to board cars safely. * * * In determining whether or not the motorman was negligent, as claimed by the plaintiff, or in determining whether plaintiff herself was negligent, as claimed by the defendant, I have but one rule that I can give you to go by in determining these questions, and that is this: A person is said to be negligent when he does that which the ordinary prudent person placed in the same circumstances would not have done; or when he omits to do that which the ordinary prudent person placed in the same situation would not have omitted to do, then he is negligent."

At the close of the charge, counsel for plaintiff took exception in the following language: "I also take exception to the definition of negligence as applied to this case that the court gave, my idea being they are bound to the highest degree of care, and towards the last of the court's charge I think the court charged that the motorman was only bound to use ordinary care."

The Court: "I will state to the jury this: I said that the motorman is bound to use the care that the ordinary person would do in the same circumstances; that is, as motorman, where the motorman is required to use the highest degree of care for the safety of the passengers, that is the circumstances under which he serves, and of course the company is responsible for the acts of the motorman."

No further exceptions were taken, and the question is: Did the court present to the jury a reasonably clear definition of the degree of care required of the company?

It is the law in this state that, while a carrier of passengers is not an insurer of their safety, it is required to take every reasonable precaution for their safety. Thus, in Smith v. St. Paul City Ry. Co., 32 Minn. 1, 18 N. W. 827, 50 Am. Rep. 550, the rule is stated as follows: "Street railway companies, as carriers of passengers for hire, are bound to exercise the highest degree of care and diligence

consistent with the nature of their undertaking, and are responsible for the slightest neglect." In Fewings v. Mendenhall, 88 Minn. 336, 93 N. W. 127, 60 L.R.A. 601, 97 Am. St. 519, it was said: "A carrier of passengers is charged with the highest degree of care and foresight consistent with the orderly conduct of its business; * * * but it is charged with ordinary care and prudence only to guard against the lawless acts of third persons not under its direction or control." In Campbell v. Duluth & Northeastern R. Co., 107 Minn. 358, 120 N. W. 375, 22 L.R.A. (N.S.) 190, the rule was stated thus: "A railroad as a common carrier is required to exercise the highest degree of care, skill, and foresight for the safety of passengers consistent with the practical operation of its road."

The company would not comply with its duty if it employed ordinary persons to perform the difficult and technical work of controlling a street car. Such employees are required to be experienced, and to have acquired skill in the control of the cars and the manipulation of the gates. It was the duty of the motorman to exercise the highest degree of care consistent with the proper operation of the car. The care which would be exercised by the "ordinary prudent person" in acting as motorman would not be the proper test. No doubt the learned trial court had in mind that degree of care which would ordinarily be exercised by one skilled in the business of operating cars. But, unfortunately, the reference to the "ordinary prudent person" was misleading.

Reversed.