JOHN ERICKSON v. GREAT NORTHERN RAILWAY
COMPANY.[1]

May 3, 1912.

Nos. 17,692—(230).

**Cutting of fire hose — negligence of firemen.**

The firemen of a fire department in a city are not the servants or agents
of the person whose property they attempt to save from fire, so that their
negligence in failing to take the proper course in the extinguishment of the
fire avails one who by a negligent act cut off the water supply by which the
fire was being successfully subdued, and thereby proximately caused the
destruction of the property.

**Injury to hose at railroad crossing — pleading and proof.**

Where a railway track is laid across a traveled public street in a city,
a duty arises on the part of the railway company using it to exercise ordi-
nary care to discover and avoid injury to persons or property rightfully
on such crossing, so that where a fire hose laid by the fire department of
such city across the crossing to extinguish a fire is cut by the railway run-
ning its locomotive over it, thereby interrupting the effort to extinguish the
fire and causing destruction of the property, it is not necessary for the
owner thereof, in order to recover damages for the loss, to plead and prove
wanton negligence of the railway company in cutting the hose, or prove that
the person operating the locomotive had actual knowledge of its presence on
the crossing. It is sufficient to prove that the failure of the railway company
to use ordinary care caused the cutting of the hose and resulted in the de-
struction of the property.

Action in the district court for Clay county to recover $60,000
damages for defendant's negligence in running a locomotive or train
of cars over and cutting a line of fire hose laid across its tracks, and
thereby preventing the extinguishing of the fire mentioned in the

[1] Reported in 135 N. W. 1129.

[Note]   As to duty of steam railroad, or street railroad, company to avoid
interference with extinguishment of fire, see notes in 12 L.R.A.(N.S.) 382; 20
L.R.A.(N.S.) 1110.

opinion. The answer alleged that if any line of hose lying across defendant's track was cut, it was not done through any negligence of defendant. The reply was a general denial. The case was tried before Taylor, J., who, at the close of plaintiff's case and again at the close of the testimony, denied defendant's motion for a directed verdict and a jury which returned a verdict in favor of plaintiff for $22,500. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*J. D. Sullivan* and *M. L. Countryman,* for appellant.

*Christian G. Dosland* and *Barger & Hicks,* for respondent.

HOLT, J.

The right of way of the defendant railway company, with three tracks thereon, is located directly south of and almost parallel with First avenue, in the city of Moorhead, Minnesota. This avenue runs east and west. At right angles thereto is Eighth street, running north and south, being the most traveled street going in that direction in the city. Front street is one block south of First avenue. Prior to the fire on January 2, 1911, plaintiff was the owner of Columbia Hotel, located between Front street and defendant's right of way. The main part was a three-story brick building one hundred four feet long on Front street and forty feet wide. On the easterly side, and projecting closer to Eighth street than the main building, had been added two brick-veneered two-story structures, so that the northerly end of these additions were within one hundred feet of defendant's tracks. A frame structure fifteen feet by seventeen feet, two stories, containing a washroom and toilets, was built in the angle formed by the main building and additions. Between it and the main building was a 6-foot passageway; but it was built against the addition, with doors opening into the same.

About seven o'clock in the morning of the date mentioned smoke was noticed in the hotel, and shortly after a fire alarm was turned in. It appears there were only two regularly employed men in the fire department. One of these had charge of and drove the hose cart. The alarm was promptly responded to, the hose was attached to a

hydrant at the northeast corner formed by the intersection of Eighth and Front streets, and then taken in through the main entrance of the hotel on Front street; but no fire, only smoke, was found there. The hose cart was thereupon driven north on Eighth street, and another hose attached to a hydrant located north of defendant's tracks, at the northeast corner of First avenue and Eighth street, and run south on the last-named street across the tracks, then behind the hotel to the frame building mentioned, containing the toilets, wherein the fire had in the meantime been located. The water was turned on, and the fire was being brought under control, when the defendant backed a locomotive in a westerly direction from the depot, situate some two hundred feet east of the east line of Eighth street, over and across the street where the hose was laid, and cut it. Before the cut section could be removed and other hose substituted, ten to twenty minutes elapsed, during which time the fire gained such headway that not only the frame structure where it started was destroyed, but practically the whole hotel.

Plaintiff sued, alleging that the defendant negligently cut the hose; that, had it not so done, the fire would have been put out with but small loss; consequently the claim is that defendant's negligence was the proximate cause of the destruction of the hotel. The trial resulted in a verdict for plaintiff, and defendant appeals from the order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

At the trial it appeared that at the crossing in question defendant had safety gates, operated by a watchman from a tower some ten feet high, located immediately north of the tracks and on the east side of Eighth street. When the hose was laid across the track, one of the firemen, who knew that the watchman was very deaf, pointed to the hose and motioned up and down the track. He testified that the watchman looked at him and toward the smoke from the fire. Because it did not appear that this watchman gave any notice to the engineer in charge of the locomotive which cut the hose, the court instructed the jury that any notice or knowledge the watchman may have had of the situation was immaterial. Unless a recovery must

be based on the wanton negligence of the engineer, we fail to see why the evidence was not admissible.

The watchman was there to guard against persons or property on the crossing. If he knew that the hose was on the crossing, and from the motion of the fireman and the situation knew that trains were not to pass, it would seem a duty devolved on him to act, and a failure so to do would tend to show negligence of defendant. The ruling testifies to the great care taken by the learned trial court, in a case presenting the application of the law of negligence to a somewhat novel situation and involving a large amount, to eliminate everything which by inference might be claimed to be unfair to the defendant.

Contributory negligence was not pleaded. It was not assigned as a ground for a new trial, nor is an assignment of error on that basis made in this court. But counsel, in his oral argument, contended, as we understood him, that it appeared from the evidence received without objection that there was no necessity for laying the hose across the tracks, that after it was there the engineer was not notified by the firemen of its presence, that this was negligence of the firemen, and they were plaintiff's servants in the matter of extinguishing the fire; hence their negligence is imputable to plaintiff, and no recovery may be had. Hill v. Minneapolis Street Ry. Co. 112 Minn. 503, 128 N. W. 831; Mellon v. Great Northern Ry. Co. 116 Minn. 449, 134 N. W. 116. The answer to the contention is that the court, at defendant's request, submitted the question of apparent necessity of running the hose across the tracks to the jury, ruling that, if it was not necessary, plaintiff must fail; and, further, we are of the opinion that plaintiff is not responsible for the negligence of the fire department.

It must be borne in mind that, while a fire department protects the private property threatened, it is one of the public governmental agencies of the city, for whose mistakes or negligence in subduing a fire the city is not liable to the individual injured thereby. This is placed on the ground that the department, in arresting fires, is discharging a public governmental or police duty. Bryant v. City of St. Paul, 33 Minn. 289, 23 N. W. 220, 53 Am. St. 31; Grube v.

City of St. Paul, 34 Minn. 402, 26 N. W. 228.   A fireman is not a servant of the owner of the property he is attempting to save, so as to come within the protection of chapter 7, p. 99, Laws of 1893, "An act for the protection of employees."   Hamilton v. Minneapolis Desk Mnfg. Co. 78 Minn. 3, 80 N. W. 693, 79 Am. St. 350.

The citizen whose property is threatened with destruction has absolutely no control over the public fire department fighting the fire. He may not interfere by attempted directions or orders.   Indeed, his property may be destroyed if, in the judgment of the head of the department, it becomes necessary so to do to arrest a conflagration. Where there is no authority in an individual to interfere with or direct such a public governmental agency as a city fire department in the discharge of its duties, nor any responsibility is resting upon him as a taxpayer in the city to pay for the negligence of such agency, it follows that there is no relation of master and servant, or principal and agent, so as to transfer the negligence of the fire department to the owner of the property being consumed by fire, making available the defense of contributory negligence to one whose negligence caused or concurred in causing the loss.   Mott v. Hudson River, 21 N. Y. Super. Ct. 345.   In this view of the case, the court did not err in refusing to give defendant's first and third requests, which were that no recovery could be had, if there was no need of running the hose across the tracks.

Upon the oral argument counsel for the defendant candidly conceded that he could not attack the finding of the jury that the cutting of the hose caused the almost total destruction of the hotel, and that, had it not been cut, the fire would have been extinguished with but a small loss.   And the record amply sustains the verdict that plaintiff's loss in the amount found proximately resulted from the fact that defendant ran the locomotive over the hose.

We come, then, to the decisive question on this appeal, which is the refusal of the court to instruct the jury, at defendant's request, that "before the jury can find a verdict in this case against defendant they must be satisfied by a preponderance of the evidence that defendant's engineer, Kilbain, actually knew, when he backed his en-

gine and tender from the depot west over the Eighth street crossing, of the presence of this hose in time to have avoided running over it," and instead charging them in substance that it was not the duty of the engineer to look for hose stretched across the track, but, if he knew that a hose in use to put out a fire was across the track, it was his duty not to cut it if he could avoid doing so without danger to himself or other persons. If he did not know that it was across the track, but did know that a fire was in progress in the city near the track, and knew that the situation and conditions were such as to make it reasonable to anticipate that his engine might interfere with the work of extinguishing the fire, and after such knowledge he failed to exercise ordinary care under the circumstances to avoid cutting the hose, actionable negligence might be found. We are of the opinion that the court submitted the issue of defendant's negligence to the jury upon quite as favorable theory as it was entitled to.

The contention of the defendant that the rule of wanton negligence should have been applied cannot be sustained. The defendant did not own the ground where the hose was. It was a public street. The firemen have generally the right of way in public streets in going to a fire, and in stringing hose thereon a lawful use is made of the street. Indeed, if a necessity therefor exists, hose may be laid on private property and across railway right of way to subdue fires. So that, as far as defendant was concerned, the hose was on the tracks by right, and not by the act of either a licensee or a trespasser. The hose, then, being where it might lawfully be laid, and used at a place where defendant had not the exclusive right to be, but where the public has the right to travel, a duty was thereby cast upon defendant to exercise ordinary care in its use of the crossing.

If, without fault of the owner, a large van had, in broad daylight, been stalled on defendant's tracks on this crossing, and this locomotive, with tender, starting from a standing position two hundred feet away, had backed down upon the van, could there be any escape from liability? The duty of the defendant, using the crossing, to exercise ordinary care to discover the presence of the obstruction thereon, and avoid injury or collision, is the same in the case of a van as in the

117 M.—23.

case of fire hose strung over it. The difficulty of discharging this duty may vary. If, however, in a given case, the ordinarily prudent person, mindful of this duty of care, would, under the situation shown, discover the danger and avoid collision, and the defendant in such case fails so to do, negligence is proven.

The defendant's engineer was familiar with the streets and tracks, and had so been for several years. He had stayed at the hotel overnight, and knew of the presence of smoke, or the smell thereof, when he left for the depot, where the locomotive was awaiting him. He waited in the depot some ten minutes for orders. The fire whistle blew. He claims he did not hear it. The testimony is that quite a volume of smoke came from the fire when he started to back the locomotive; also that, as he proceeded, he looked at the smoke. Volunteer firemen and others were going to the fire, or were around there. Though his view of the hotel was at some position of his travel obstructed, he had a clear view of the rear of the hotel for about one hundred feet before reaching the hose. It was broad daylight, and he could have seen the hose, he admits, had he looked for it, at a distance of more than two hundred feet. He claims he looked at the crossing. No one was on the front part of the tender. The fireman on the locomotive was not called, nor his absence from the witness stand explained. These and other facts appearing in the evidence made a case for the jury upon the question of defendant's negligence in running over the hose.

We are cited to the case of Clark v. Grand Trunk, 149 Mich. 400, 112 N. W. 1121, 12 An. Cas. 559, as supporting defendant's contention, and so it does; but no substantial reason is given for the ruling, and we are not inclined to follow it. In the case of American Sheet & Tin Plate Co. v. Pittsburgh & L. E. R. Co. 143 Fed. 789, 75 C. C. A. 47, 12 L.R.A.(N.S.) 382, 6 An. Cas. 626, relied on by defendant, it will be noticed that there was no hose laid across the track. The train was stopped because the fire department wished to lay the hose across defendant's right of way at a place abandoned as a street, but through some misunderstanding of the engineer the train started up and interfered for some minutes with laying hose

where the fire could be successfully extinguished, and, furthermore, this language used therein [at page 794] seems to sustain the view we adopt: "They [railroad company] would have no right to run across hose observed, or which ought to have been observed, lying across the tracks for the purpose of extinguishing a fire." The case of Metallic v. Fitchburg, 109 Mass. 277, 12 Am. Rep. 689, does not assist defendant. The points for decision were whether the hose was lawfully placed over defendant's tracks and whether the cutting of it by defendant was the proximate cause of the loss.

We discover no error in the record, and the order appealed from is affirmed.