# HENRY L. BODKIN v. GREAT NORTHERN RAILWAY COMPANY.

## W. J. BODKIN v. SAME.

## INGER BODKIN v. SAME.[1]

January 2, 1914.

Nos. 18,295—(91).

**Negligence—evidence—verdicts not excessive.**

Plaintiffs were the owners of furniture, wearing apparel and ornaments in rooms in a hotel that was destroyed by fire. It is *held:*

(1) The evidence justifies the finding that defendant was negligent in running a locomotive over and cutting a hose laid across its track on a street, and thus prevented extinguishing the fire.

(2) The damages awarded plaintiffs, for the destruction by fire of the property in their rooms, were not excessive.

(3) The evidence does not show that plaintiffs would have suffered any loss from smoke had the hose not been cut.

Three actions in the district court for Clay county to recover for the destruction of wearing apparel and ornaments and other private property in a hotel fire. The cases were tried together before Nye, J., and a jury which returned a verdict of $220 in favor of Henry L. Bodkin, $160 in favor of W. J. Bodkin and $620 in favor of Inger Bodkin. From an order denying defendant's motion for a new trial in each action, it appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes,* for appellant.

*Charles S. Marden,* for respondent.

[1] Reported in 144 N. W. 937.

---

Note.—On the question of the duty of a steam railroad, or street railroad, company to avoid interference with extinguishment of fire, see notes in 12 L.R.A. (N.S.) 382; 20 L.R.A. (N.S.) 1110; and 39 L.R.A. (N.S.) 20.

BUNN, J.

These three actions were brought to recover damages to personal property, claimed to be sustained by each of the plaintiffs by reason of the destruction by fire of the Columbia hotel in the city of Moorhead. Plaintiffs occupied rooms in the hotel at the time of the fire, and had therein the property claimed to be damaged, consisting of furniture, wearing apparel and ornaments. It was claimed that defendant negligently ran an engine over and cut a line of hose of the fire department of the city, and thus prevented the extinguishment of the fire. The cases were consolidated and tried together. Plaintiff Henry L. Bodkin had a verdict of $220, W. J. Bodkin a verdict of $160, and Inger Bodkin a verdict of $620. Defendant appealed from an order denying a new trial of the actions.

The assignments of error raise the question of the sufficiency of the evidence to sustain the finding of the jury that defendant was negligent, and its sufficiency to sustain the respective verdicts as to the amount of the recovery in each case.

In Erickson v. Great Northern Ry. Co. 117 Minn. 348, 135 N. W. 1129, 39 L.R.A.(N.S.) 237, Ann. Cas. 1913D, 763, we held the evidence sufficient to sustain a verdict against the defendant for the destruction of the hotel by the same fire. The facts are stated in the opinion in that case, and need not be restated here. It was there held that the evidence justified the jury in finding that defendant was negligent in running over the hose. It is the claim of defendant . on this appeal that the evidence differed in essential particulars from the evidence in the Erickson case, and was not sufficient to justify the conclusion that the engineer in charge of the engine that ran over the hose knew or ought to have known that the hose was lying across the track. The argument is mainly directed to proving the absence in this case of certain evidentiary facts stated in the opinion in the Erickson case to exist. It was there stated, for instance, that the engineer had stayed at the hotel over night, and knew of the presence of smoke, or the smell thereof, when he left for the depot, where the locomotive was awaiting him. It is claimed that in the instant case there is no evidence to show that either the engineer or anybody else knew there was a fire in the hotel at the time the engi-

neer left for the depot. It is stated in the Erickson opinion that there was evidence that quite a volume of smoke came from the fire when the engineer started to back his engine, and that he looked at the smoke. It is here claimed that no smoke was to be seen until after the engine had cut the hose. It is further claimed that the evidence here does not show the presence of any volunteer firemen or other persons around the fire before the hose was cut, or that the engineer had a clear view of the hotel for about 100 feet before reaching the hose, which items of evidence were present in the Erickson case.

It may be conceded that the evidence is not as satisfactory on the above-mentioned points as it was in the Erickson case, but taking the evidence as a whole, we are not prepared to hold that the jury was not justified in finding that the engineer knew or ought to have known of the fire, and that he ought, in the exercise of reasonable care, to have looked for the hose across the track. That he could have seen it had he looked for it, there can be little doubt. And we think the evidence warrants the conclusion that he ought to have looked for it. He was entirely familiar with the streets and tracks. It was broad daylight. The evidence is conflicting as to his knowledge of the fire at the time he left the hotel, as well as his seeing the smoke and other evidences of the fire after he started to back his engine and while he still had time to stop before passing the crossing where the hose was. As in the Erickson case, the fireman was not called as a witness and the failure to call him was not explained. There is also the same evidence that the fire bell was rung, and the evidence of the signals given the watchman in the tower. We hold, without further discussion of the evidence, that the verdict has such support that we ought not to disturb it.

The contention that the verdicts are excessive is based upon the claim that the evidence proves that much of the property testified to have been lost could not have been destroyed by the fire. The claims of the respective plaintiffs were evidently regarded by the jury as somewhat extravagant, as the verdicts are considerably less in amount than the testimony of plaintiffs as to the value of the property lost. Plaintiffs did not testify that the trunks and suit case which contained much of their clothing were actually destroyed in the fire,

but simply that they were in the rooms and were not found after the fire. The evidence is not entirely satisfactory that the trunks and suit case, with their valuable contents, could have been so wholly obliterated by the fire, but taking the entire testimony as to the extent of the fire in the rooms, and as to the amount and value of the furniture, clothing and ornaments therein, with the very considerable scaling of plaintiffs' claims by the jury, we are unable to say that the damages awarded are excessive.

The point is made that plaintiffs failed to show how much of their damage was caused by smoke before the hose was cut, and how much by the fire, and therefore that they are entitled to recover but nominal damages. It is sufficient to say that the evidence does not show that plaintiffs would have sustained any loss from smoke had the hose not been cut.

Order affirmed.