## Louisville Railway Company v. Cunningham.

(Decided February 25, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch No. 2).

1. Negligence—Interference with Flow of Water Resulting in Destruction of Property.—Where water is being thrown upon a fire and there is any reasonable ground to believe that any part of the property may be saved, and one by his negligent act interferes with the flow of the water and by reason thereof more property is destroyed than otherwise would have been destroyed, the interference was the proximate cause of such loss.

2. Railroads—Interfering with Water Hose—Liability.—A railroad company is liable for a loss by fire occasioned by its negligent

act in interfering with the water hose which is laid across its track.

FAIRLEIGH, STRAUS & FAIRLEIGH, ALFRED C. KRIEGER and HOWARD B. LEE for appellant.

BENNETT H. YOUNG, SAMUEL G. TATE for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is an action for damages by appellee, wherein he alleges in substance that he is the owner of a home in the outskirts of Louisville, and that connected therewith is a barn in which he kept his automobile; that on the night of the 5th of October, 1911, about midnight, the barn was found to be on fire in the upper part thereof; that the fire department responded promptly, and set the engine several hundred feet away near a fireplug or hydrant, and then laid the fire hose up to the barn, and in so doing it was laid across appellant's track; that the water was promptly turned on the fire, but in a short time, by reason of the negligence of the company's servants one of the cars ran over or upon the water hose, cutting the same so that the flow of the water through the pipes was interrupted, and that before another section of hose could be substituted the fire had gained such headway as to totally destroy his barn and automobile; that but for the cutting of the hose there could have been saved a part of the barn, and there would have been only a slight injury to the automobile.

Appellant's answer was only a traverse, and upon the trial appellee was awarded a judgment of $500, and this appeal results.

Only two questions are made (1) that there was no evidence showing negligence upon the part of defendant's agent, and (2) that there was no evidence that any damage to the plaintiff was the proximate result of any negligence upon the part of the defendant's agent.

The evidence of the motorman is that he was in charge of the car, and that for some little distance he had seen the sky lighted up and knew that there was a fire near; that he was running at the rate of eight or ten miles an hour, and was looking out for the approach of the fire engine or apparatus; that he did not have his eye on the track ahead of him and was within a few feet of the hose before he saw it and tried to stop his car, but

could not do so; that he did not know the fire company had reached the scene; that the headlight on his car was burning, and he could have seen the hose if he had been looking in front of him.

His statement that at the time he ran over the hose he was looking out for the approach of the fire engine carries with it very little weight in the light of the convincing evidence that the fire engine was at that time in plain view and less than a block away, and the whole locality lighted up by the fire from the barn.

The motorman's own evidence shows him to have been negligent in at least two respects; (1) if he was expecting the approach of the fire apparatus he was negligent in running at that rate of speed, because if the engine or apparatus had at the time come out of a side street or alley, as he said he was expecting, the danger of collision would have been great while the car was going at that rate; and (2) if the other evidence is to be believed that the fire engine was in plain view of him, then he was certainly negligent for not having his eye on the track ahead of him.

The evidence as to how long the flow of water was interrupted by the cutting of the hose varies from one and one-half to ten minutes, but there seems no reason to doubt that the transmission of water was stopped for an appreciable time, and it is fairly clear from the evidence that but for the failure of the water at that time some part of the barn might have been saved, and the most valuable part of the automobile.

Certainly when water is being thrown upon a fire and there is any reasonable ground to think that any part of the property may be saved, and one by his negligent act interferes with the flow of the water and by reason thereof more property is destroyed than otherwise would have been, the interference with the hose was the proximate cause of such loss.

It was for the jury to determine whether or not the plaintiff's loss was greater than it would have been if the hose had not been cut.

That a railway company is liable for a loss by fire occasioned by its negligent act in interferring with the water hose which is laid across its track has has been frequently held, and indeed is not questioned in this case.

Little Rock T. & E. Co. v. McCaskill, 75 Ark., 133 (70 L. R. A., 680).

Eriskson v. Great Northern Ry. Co., 117 Minn., 348 39 L. R. A. (N. S.), 237.

Judgment affirmed.