GEORGE W. MEEKS v. CITY OF ST. PAUL.[1]

April 23, 1896.

Nos. 9797—(31).

**New Trial—Excessive Damages.**

In an action of tort, it is not enough that the damages are, in the opinion of the court, excessive, to warrant the granting of a new trial on that ground. It must further appear that they were given under the influence of passion or prejudice. Nelson v. Village of West Duluth, 55 Minn. 497, followed.

**Same—Newly-Discovered Evidence.**

A motion for a new trial will not be granted, on the ground of newly-discovered evidence, where such evidence is conflicting or cumulative, or where no facts are shown why it could not have been discovered before the trial by reasonable diligence.

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., denying a motion for a new trial. Affirmed.

*E. J. Darragh* and *Robertson Howard*, for appellant.

*S. C. Olmstead*, for respondent.

[1] Reported in 66 N. W. 966.

START, C. J. On March 20, 1895, the plaintiff was injured by a defect in a sidewalk of the defendant, and this action was brought to recover damages for such injury. He recovered $3,000, and the defendant appeals from an order denying its motion for a new trial.

1. The first assignment of error is that the trial court erred in admitting evidence as to the probable cost of medical treatment of the plaintiff subsequent to the trial. Evidence was offered, on behalf of the plaintiff, tending to show that there was a withering or atrophy of the muscles of his left shoulder joint, particularly the deltoid, as a result of his injuries. A witness, who was called as a medical expert, and gave evidence as to the nature and extent of plaintiff's injuries, was asked this question: "Q. Now, what would be the only course of treatment that would be likely to be of any benefit in that condition?" This was objected to as incompetent, irrelevant and immaterial by the defendant; objection overruled, and exception. The question was then repeated, and answered as follows: "Q. What treatment would be necessary, and the only treatment, in fact, by which these parts could be restored, in your judgment? A. Electricity and massage materially assist nature and hasten repair." Conceding that the purpose of the question was to show the probable cost of future medical treatment, we are not called on to decide whether such evidence was admissible; for it is manifest that the answer was not responsive to the question, and was so indefinitely neutral as to be absolutely harmless. The first assignment of error is not regardable.

2. "That the court erred in holding that the damages awarded were not excessive," is the second alleged error. The simple fact that the damages in an action in tort are, in the judgment of the court, excessive, is not a ground for a new trial. It must further appear that they were given under the influence of passion or prejudice. Nelson v. Village of West Duluth, 55 Minn. 497, 57 N. W. 149. Hence, if the court was in error in holding that the damages were not excessive, the defendant would not be entitled to a new trial for this reason alone. But, assuming that the assignment, liberally interpreted, is to the effect that the court erred in denying defendant's motion for a new trial because the damages are excessive, and were given under the influence of passion or preju-

dice, we are of the opinion that the trial court did not so err. While the damages seem to us to be generous, the evidence does not justify the conclusion that they were given as the result of passion or prejudice. The evidence tends to show that the plaintiff, at the time of the injury, was 38 years old, strong, in good health, and earning five dollars a day in his business of a piano mover; that, as a result of his injury, the deltoid muscle of his left shoulder is paralyzed, which prevents him from raising his arm at a right angle, and incapacitates him from doing any work which would involve the raising of the arm. As to the permanency of his injury, three experts were examined. The first testified that there was a possibility of the injury being permanent, that there was a probability that he might recover under a long course of treatment, and that there was no certainty either way. The second, that the probability was that the injury was permanent, and that the plaintiff will never regain the power of the muscle; that he examined the plaintiff in March (the time of the trial was in June), and, if there was going to be any revivifying power, there would now be some evidence of it; that there was no increase in the loss of nerve power, for that was gone when he examined the plaintiff in March, but there was an increase in the atrophy of the muscle, in the loss of power in the muscle. The third gave it as his opinion that the chances were even that the plaintiff would recover; that it would certainly be a long time before he is fully recovered. Upon this evidence honest men might reasonably differ as to the permanency of the plaintiff's injuries and the amount of damages he had sustained. There is nothing in this case to justify us in the conclusion that the verdict was the result of passion or prejudice, the verdict having been approved by the trial judge.

3. The last alleged error is that the court erred in not granting a new trial on the ground of newly-discovered evidence. The general nature of the alleged newly-discovered evidence is that two persons make affidavit that they saw the plaintiff move a piano since he was injured, and that he had no difficulty in using his left arm or in lifting the piano. The counter affidavits of the plaintiff and his attorney render it probable that the parties making the affidavits as to the plaintiff's moving the piano were mistaken

as to the identity of the plaintiff. The only showing of diligence in the premises is the following conclusion in the affidavit of defendant's attorney: "Before the trial of this action I made diligent search for witnesses, and was unable to discover any evidence, except the evidence that was introduced at the trial." Where did he search for them? What did he do? The alleged newly-discovered evidence is conflicting, cumulative, and no facts are shown why it could not have been discovered before the trial. Such being the case, the trial court properly denied the motion for a new trial on this ground.

Order affirmed.