JOHN WELLENDORF v. CHARLES TESCH.

October 26, 1899.

Nos. 11,823—(137).

**Adverse Claims—Possession of Part of Land—Special Findings—New Trial.**

> In an action under the statute to determine an adverse claim to real property, brought by a party who claims to be in possession, it is unnecessary for him to prove that he is in possession of all of the land described in the complaint. He may succeed as to a part of the land, and fail as to the remainder. *Held*, in the action at bar, that the special findings of the jury were supported by the evidence.

Action in the district court for Scott county to determine adverse claims to land. The case was tried before Cadwell, J., and a jury, which made certain special findings, whereupon the court ordered judgment in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*F. C. Irwin*, for appellant.

*H. J. Peck*, for respondent.

COLLINS, J.

Action under the statute to determine an adverse claim made to a small tract of land, alleged by plaintiff to be a part of his farm, and to have been owned and to have been in his possession for more than 30 years. In the answer, defendant set up ownership in himself, and, further, that for 20 years prior to the commencement of the action he had not only been such owner, but in actual adverse possession of all of said tract.

Certain issues of fact were submitted to a jury in the shape of four questions. The jury answered the first and second of these in plaintiff's favor, thus finding that a disputed quarter-section corner on the north line of the land was at the spot contended for by

plaintiff, and, further, that the defendant had not been in the actual adverse possession of any part of the tract in controversy for the period of 15 years last past prior to the commencement of the action. The third and fourth questions were not answered by the jury. Upon the return of the special verdict the trial court held that, as the first and second questions had been answered in plaintiff's favor, answers to the third and fourth were unnecessary, and then ordered judgment in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial.

1. Counsel for defendant argues that the court erred when, at the conclusion of plaintiff's case, his motion to dismiss on the ground of failure of proof was denied. This contention is without merit. There might be some room for argument as to whether plaintiff had shown actual possession of every part of the tract in dispute, which, as before stated, is a very small piece of ground; but it had been shown that he was in undisputed and actual possession of a portion of it, and had been for more than 30 years. As the evidence stood when the motion was made, plaintiff had established his right to recover as to a part, if not all, of the disputed tract, and this was sufficient reason for denying the motion to dismiss the case. In an action of this nature it is unnecessary for a plaintiff to prove possession of all of the land described in the complaint in order to recover. He may succeed as to part, and fail in his proofs as to the remainder.

2. We are of opinion that there was evidence sufficient to support the finding by the jury that the quarter-section corner and the stake placed there by the government surveyors were at the place fixed by the plaintiff and his witnesses, although it may be that the weight of the evidence was in opposition. There being a conflict of evidence on this point, it seems quite unnecessary to discuss the matter.

3. We are also obliged to take this view of the proofs in respect to the second finding, to the effect that defendant had not been in possession, actual or adverse, of any part of the tract in controversy, for 15 years immediately prior to the commencement of this action. On the evidence the question of possession by defendant of a part of the tract for a few years past was an open one, and for

the jury to determine. Counsel for defendant is really compelled to admit this in his brief.

4. The court below did not err when it refused to grant a new trial on the ground of newly-discovered evidence. The proposed new witness was defendant's grantor. Defendant simply stated in his moving affidavit that, although he was anxious to secure the witness' attendance at the trial, he did not know where he lived, and could not find him. This showing is wholly insufficient, even if the evidence proffered would affect the result, for it does not appear that defendant exercised the slightest diligence to discover this evidence, or the whereabouts of the witness, prior to the trial. See Bradley v. Norris, 67 Minn. 48, 69 N. W. 624.

No other questions have been argued, and the order appealed from stands affirmed.