# GRACE M. McKELLAR v. THE YELLOW CAB COMPANY, INCORPORATED.[1]

## February 11, 1921.

## No. 22,124.

**Taxicab company is a common carrier — degree of care required.**

1. A taxicab company, which carries passengers for hire as a business, is a common carrier, and is required to exercise the highest degree of care for the safety of its passengers consistent with the proper conduct of its business.

[1]Reported in 181 N. W. 348.

**Passenger not required to warn carrier of danger.**

    2. The duty rests upon a common carrier by taxicab to be alert and watchful at all times and to exercise all the care necessary to carry his passengers safely. A passenger has the right to presume that the carrier is familiar with the dangers to be apprehended and will use proper care, skill and vigilance to avoid them, and owes him no duty to make suggestions or give warnings, and the failure of the passenger to protest against the manner in which he operates the taxicab or to give warning of the likelihood of a collision with another vehicle will not relieve him from liability for injury to the passenger resulting from his negligence.

**Damages not excessive.**

    3. The verdict cannot be set aside as excessive.


Action in the district court for Hennepin county to recover $25,175 for personal injuries. The case was tried before Molyneaux, J., who at the close of the testimony denied defendant's motion for a directed verdict on the ground that the testimony conclusively showed contributory negligence on the part of plaintiff, and a jury which returned a verdict for $4,000. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Morphy, Bradford & Cummins,* for appellant.

*Jamison, Swan, Stinchfield & Mackall,* for respondent.


TAYLOR, C.

Defendant is engaged in the taxicab business in the city of Minneapolis as a carrier of passengers for hire, and as such undertook to convey plaintiff from her hotel to a railway station where she wished to take a train. On the way to the station, plaintiff was injured in a collision between the taxicab and another automobile at a street intersection. She brought suit for damages and recovered a judgment from which defendant appeals.

· Defendant contends: (1) That the court erred in failing to instruct the jury in respect to contributory negligence; (2) that the court erred in instructing the jury that defendant was a common carrier of passengers and as such owed the duty to its passengers "to exercise the highest

degree of care consistent with the carrying on of its business;" (3) that the damages are excessive.

We think it may be considered as settled that a taxicab company, which carries passengers for hire as a business, is a common carrier and owes to its passengers the high degree of care exacted of common carriers. Carlton v. Boudar, 118 Va. 521, 88 S. E. 174, 4 A. L. R. 1480, and the annotation to this case found in 4 A. L. R. 1501. Huddy, Automobiles, § 169. Defendant admitted that it was engaged in a general, public taxicab business as a carrier of passengers for hire, and the court correctly charged that it was a common carrier and that "its duty as a common carrier towards its passengers was to exercise the highest degree of care consistent with the carrying on of its business." 1 Dunnell, Minn. Dig. § 1261.

At the close of the evidence, defendant made a motion for a directed verdict on the ground that the evidence showed conclusively that plaintiff was guilty of contributory negligence, but the record contains no other request for an instruction to the jury. The court submitted the case to the jury under a charge which was clear and correct, but in which no reference was made to the question of contributory negligence. After the jury had retired, defendant noted an exception "to the court's failure to charge on the question of contributory negligence."

Defendant's negligence, which resulted in the collision, consisted in driving its taxicab at an excessive rate of speed in the business part of the city, and in failing to yield the right of way at a street intersection to an approaching car which was coming from the right on the intersecting street. There was also a claim that the taxicab was on the wrong side of the street at the time of the collision.

The taxicab started for the station 40 minutes before train time; the distance could be covered in less than 10 minutes at an ordinary rate of speed, and defendant had not been asked to hurry and had no occasion to violate speed or traffic regulations.

Defendant does not question its own negligence on this appeal, and does not claim that any act of plaintiff had any part in causing the accident, but seeks to relieve itself from liability to plaintiff, its passenger, on the sole ground that plaintiff failed to protest against the excessive speed and failed to call the attention of the driver to the approaching car with which he collided.

The driver was in his compartment at the front of the taxicab, and plaintiff and another lady were in the passenger compartment at the rear of the taxicab. Plaintiff testified that they were driven at a speed of 25 or 30 miles per hou₁, and also that she saw the approaching car when it was 75 or 100 feet distant. Neither passenger said anything whatever to the driver from the time they started until the accident happened. The driver testified that he saw the other car. He attempted to pass the intersection ahead of it, although vehicles coming from the right have the right of way. These are the facts on which defendant predicates its claim that the court should have submitted the question of contributory negligence to the jury.

It was the duty of defendant, as a common carrier, to exercise the highest degree of care and foresight for the safety of its passengers consistent with the proper conduct of its business, and to take every reasonable precaution to protect them from injury. 1 Dunnell, Minn. Dig. § 1261; also cases cited in notes found at page 179, Ann. Cas. 1913E, and page 47, Ann. Cas. 1918C. This duty imposed the obligation to have skilled and careful drivers who were alert at all times to discover and avoid danger. Hill v. Minneapolis St. Ry. Co. 112 Minn. 503, 128 N. W. 831; Lewark v. Parkinson, 73 Kan. 553, 85 Pac. 601, and cases cited in note to this case in 5 L.R.A. (N.S.) 1069.

Defendant cites many decisions of this and other courts holding that, while a passenger is not responsible for the negligence of the driver, he is responsible for his own negligence, and cannot recover if such negligence contributed to the happening of the accident. But defendant has cited no case, and we have found none, which holds that a common carrier is absolved from liability to a passenger for the consequences of its own negligence by the fact that the passenger failed to protest against the negligent manner in which the carrier operated its conveyance. A passenger has the right to rely on the presumption that the carrier is familiar with the dangers to be apprehended and will use all necessary care, skill and vigilance to avoid them. O'Toole v. Pittsburgh & L. E. R. 158 Pa. St. 99, 27 Atl. 737, 22 L.R.A. 606, 38 Am. St. 830. The carrier cannot transfer to its passenger responsibility for its own neglect, where the passenger has done nothing tending to bring about the accident. Isbell v. Pittsfield Electric St. Ry. Co. 196 Mass. 296, 82

N. E. 3; Harmon v. Barber (C.C.A.) 247 Fed. 1, 159 C.C.A. 219, L.R.A. 1918F, 428; Little v. Hackett, 116 U. S. 366, 6 Sup. Ct. 391, 29 L. ed. 652.

The case of McDonald v. Mesaba Ry. Co. 137 Minn. 275, 163 N. W. 298, is like the present case in that the plaintiff was a passenger in a public autobus, but is unlike it in that the charge of contributory negligence was made by the railway company whose electric car collided with the bus. In that case the prior cases in this state, which had considered the question of contributory negligence on the part of a passenger, were collated and analyzed, and it was held that the fact that the plaintiff, while in the autobus, took no precautions for her own safety, would not sustain a finding of contributory negligence under the circumstances there existing nor justify the submission of that question to a jury.

In the present case the duty rested on defendant to be alert and watchful at all times and to exercise all the care necessary to carry its passengers safely. Plaintiff owed it no duty to supervise the conduct of the driver or to make suggestions or give warnings to him. And we hold that there was no evidence which would sustain a finding of contributory negligence on the part of plaintiff or justify the court in submitting that issue to the jury.

Plaintiff contends that "the verdict is grossly excessive and shows passion and prejudice on the part of the jury." Both passengers brought actions for damages. The actions were tried together before the same jury who returned a verdict of $4,000 for plaintiff and of $500 for the other passenger. We fail to find anything in the record indicating either passion or prejudice. The amount of damages to be awarded in such cases rests largely in the discretion of the jury. Plaintiff sustained several superficial injuries, including a cut which extended to and through one eyelid, and causes a facial disfigurement. The jury could also find that her eyesight had been permanently impaired, and that her nervous system had received injuries which seriously affected her health. We find no sufficient reason for disturbing the verdict.

Judgment affirmed.