## LOAH HOPPE v. BOULEVARD TRANSPORTATION COMPANY.[1]

November 4, 1927.

No. 26,263.

**Verdict for $1,200 sustained by evidence.**
    1. The evidence *held* sufficient to sustain the verdict.

**Denial of new trial on ground of surprise was proper.**
    2. The court did not abuse its discretion in denying a new trial on the ground of accident or surprise.

**Insufficient showing of diligence to discover new evidence.**
    3. The defendant failed to make a sufficient showing of diligence in the matter of the discovery of new evidence.

Carriers, 10 C. J. p. 867 n. 42; p. 960 n. 74 New; p. 1060 n. 56.
New Trial, 29 Cyc. p. 872 n. 13; p. 877 n. 60; p. 996 n. 67.

---

See 20 R. C. L. 292; 3 R. C. L. Supp. 1051; 4 R. C. L. Supp. 1351; 5 R. C. L. Supp. 1096; 6 R. C. L. 1202.

[1]Reported in 215 N. W. 852.

Action in the district court for Blue Earth county to recover for personal injuries. The case was tried before Comstock, J., and a jury, which returned a verdict for the plaintiff. There was a motion for a new trial, which was denied, Harry A. Johnson, J., and defendant appealed from the judgment. Affirmed.

*Hiram S. Goff,* for appellant.

*John E. Regan,* for respondent.

OLSEN, C.

Action to recover for personal injury claimed to have been caused by negligence on the part of defendant. Verdict and judgment in plaintiff's favor, and defendant appeals from the judgment.

Defendant was a common carrier of passengers for hire, operating a bus line between Minneapolis and Mankato in this state. On December 3, 1925, plaintiff was a passenger in one of defendant's busses, traveling from Minneapolis to Mankato. It had rained the night before and was raining that morning, and the rain froze as it reached the ground so that the ground and the roads were covered with ice and very slippery. The bus in which plaintiff was a passenger left Minneapolis in the morning, going toward Mankato. On the highway taken by this bus is a hill, with one or more curves in the highway, this hill leading down to the bridge across the Minnesota river and being referred to as the Bloomington hill, a short distance south of Minneapolis. The driver of the bus, going at a moderate speed, started to drive down the hill and, when part way down, the rear wheels of the bus skidded to one side near or at a curve in the highway. There was a ravine or high drop on one side of the road, and a road ditch about three feet deep and then a rising bank on the other side. The driver, to avoid the danger of skidding into the ravine, turned the bus towards the ditch on the other side, and the right front wheel of the bus went into this ditch and the rear of the bus skidded around so the bus faced nearly up the hill.

Plaintiff testified that the bus kind of tipped towards the bank; that there was a jolt; that it happened quickly; that she became frightened when it commenced to skid and grabbed the seat in front

of her, and was pushed against that seat and then back into her seat and hit on the window sill or something and wrenched and injured her back.

The bus had no chains on the wheels and the road condition was apparent to anyone. It was not a local or one-spot condition, but the roads were uniformly ice-covered. There were eight or ten passengers in the bus.

1. The first and fourth assignments of error, that the court erred in denying defendant's motion to dismiss at the close of plaintiff's case, and in denying a new trial on the ground that the verdict is not justified by the evidence, may be briefly considered together.

Defendant, as a common carrier of passengers for hire, was required to exercise a high degree of care; more than ordinary care. The rule. as established in this state is that such carrier is not an insurer of the safety of its passengers, but is bound to exercise the highest degree of care and foresight consistent with the practical operation of its business. Hill v. Minneapolis St. Ry. Co. 112 Minn. 503, 128 N. W. 831; McKellar v. Yellow Cab Co. 148 Minn. 247, 181 N. W. 348.

The jury might well find that under this rule it was negligence for defendant to operate this passenger bus on ice-covered roads without chains or other safety devices to keep it from sliding, and that it was negligence to attempt to drive this loaded bus down the hill at all under the circumstances. That it was unsafe to drive a bus down an ice-covered hill was apparently realized, because before the next bus attempted to go down sand or gravel was put on the road so as to prevent sliding.

There was no error in denying defendant's motion to dismiss, and the verdict finding that defendant was negligent is sustained by the evidence.

Plaintiff and her attending physician testified as to her injury; and, although a witness for defendant testified that the X-ray plates introduced in evidence showed no such injury, the injury and the extent thereof were questions of fact for the jury, and the verdict [$1,200] is not attacked as excessive.

2. The second assignment of error is that the court erred in not granting a new trial on the ground of accident or surprise, the claim being that the case came on for trial suddenly and unexpectedly and that defendant was unable to have its witnesses present in time to testify.

It does appear that two cases on the calendar just ahead of this case were settled and that the case was called sooner than defendant's counsel had expected. But the record of the trial fails to show any objection or any request by counsel for continuance or postponement, or that absence of witnesses was called to the attention of the court in any way. The record indicates that counsel voluntarily went to trial without objection.

The case was called after the noon recess on November 15, 1926; a jury was then drawn and a recess taken until the next morning. So far as appears, the only witness defendant expected to have, who was not present, was one L. J. Stewart, an employe of the Northland Company residing at Minneapolis. The record is silent as to any reason why Stewart could not have come from Minneapolis to Mankato during the time intervening from the recess of the court until the defendant's side of the case was reached in the forenoon of the next day. He could in fact readily have reached Mankato on the evening of November 15 if there was nothing to prevent his making the trip, and no hindrance is shown.

There was no error in denying a new trial on the ground of accident or surprise.

3. The third assignment of error is that the court erred in not granting a new trial on the ground of newly discovered evidence.

Three new witnesses are claimed to have been discovered since the trial. R. W. Elliott resides at Minneapolis and is in the employ of the Northland Transportation Company. At the time of the accident he was in the employ of the defendant and drove a bus which arrived at the scene of the accident shortly after it occurred, and took the passengers from the stalled bus on toward and to Mankato. M. J. Ehlman resides in Minneapolis and is employed as a traveling salesman by National Candy Company of Chicago.

He was a passenger in the bus involved in the accident. William Jenkins resides at Garden City, a short distance from Mankato.

There is no showing of diligence. The affidavits of counsel and S S. Larson, an adjuster for the insurance company, state in general terms that they have used due diligence, but do not state any facts or anything done by either of them toward the discovery of witnesses or evidence. Defendant can hardly be permitted to plead ignorance of the existence and probable knowledge of material facts of its own employe, Elliott, who was at the place of the accident and took over the passengers of the stalled bus, including plaintiff. It must have been immediately apparent to defendant, on receiving notice of plaintiff's claim, that any and all the passengers on the bus in question would have knowledge of the facts as to the accident and might be material witnesses. Two of its drivers had carried and observed these passengers and had knowledge of their destination. Its ticket record would no doubt also disclose information. It should have been able to locate Ehlman and many, if not all, of the passengers in a short time. This action was commenced in January, 1926, as indicated by the record, less than two months after the accident, and defendant had from that time until November 15, 1926, to discover witnesses.

As to Jenkins, his proposed evidence is not of sufficient importance to call for a new trial. He knew nothing about the accident and his testimony, if given, would only go to the amount of damages.

The trial court did not abuse its discretion in denying a new trial on the ground of newly discovered evidence. Meeks v. City of St. Paul, 64 Minn. 220, 66 N. W. 966; Bradley v. Norris, 67 Minn. 48, 69 N. W. 624; Wellendorf v. Tesch, 77 Minn. 512, 80 N. W. 629.

Judgment affirmed.