BRIDGET T. FLAHERTY AND ANOTHER
v. MINNEAPOLIS & ST. LOUIS
RAILWAY COMPANY.

87 N. W. (2d) 633.

January 24, 1958—Nos. 37,284, 37,285.

*Richard Musenbrock, William J. Powell,* and *LeRoy C. Corcoran,* for appellant.

*Thomas K. Scallen,* for respondents.

MATSON, JUSTICE.

Appeal, in each of two separate actions consolidated for trial, from an order granting plaintiffs a new trial exclusively upon the ground of errors of law occurring at the trial and upon no other ground.

These two actions, one by plaintiff Bridget T. Flaherty for damages for personal injury, the other by plaintiff Martin P. Flaherty, her husband, for special damages and for damages for loss of services, are based upon the alleged negligence of the defendant in operating its railroad train on which plaintiff Bridget was a passenger. Bridget, who was en route from Minneapolis to the village of Kilkenny, alleges that, after the train had come to a full stop at Kilkenny, and after she had left her seat and had walked down the aisle to the front of the car preparatory to getting off, the train suddenly moved forward with a jerk whereby she was thrown to the aisle floor and injured. Pursuant to plaintiffs' motion, the trial court in each action set aside a verdict for the defendant and granted a new trial exclusively for the following errors of law occurring during the trial: (1) Erroneous instruction to the jury as to the standard of care imposed on a railroad in the operation of its trains; (2) error in charging the jury to disregard plaintiffs' argument based on a hypothetical per diem loss calculation; and (3) error in overruling the plaintiffs' objection to a portion of a witness' testimony which constituted a mere conclusion.

Defendant contends that it was not prejudicial error for the trial court to refuse to instruct the jury that a "railroad is liable for the slightest negligence," because the court's charge was otherwise correct in stating the standard of care applicable to a common carrier. There would be genuine merit in defendant's contention if the rest of the charge had been correct and free of ambiguity as to the care required of a railroad for the protection of its passengers. The charge was not correct. If a jury is told in clear and unqualified language that, although a railroad is not an insurer of the safety of its passengers, it must exercise for their safety the highest degree of care and diligence consistent with the practical operation of its trains,[1]

---

[1] See, Campbell v. Duluth & N. E. R. Co. 107 Minn. 358, 120 N. W. 375, 22 L. R. A. (N. S.) 190; Hill v. Minneapolis St. Ry. Co. 112 Minn. 503, 128 N. W. 831; McKellar v. Yellow Cab Co. Inc. 148

it is unnecessary to add (although to do so would not be incorrect), that it is also responsible for the slightest negligence.[2] Here, however, the charge in substance enunciated the aforesaid highest-degree-of-care standard but in a related part of the charge said that defendant as a common carrier was required to *exercise a reasonable degree of skill for the safe carriage of the plaintiff*. This last phrase could easily have misled the jury into believing that the standard of the highest degree of care consistent with the operation of the train was not controlling. The impact of the misleading reference to *a reasonable degree of skill* was further increased when the court, in instructing the jury as to the inference that in certain cases may be drawn solely from the happening of an accident, said the accident must be one of a nature which does not happen if those who have control of the instrumentality use *ordinary care*. It is error to submit the res ipsa loquitur rule to a jury in a manner specifically indicative of a different standard of care than that which otherwise controls the decision upon the issue of negligence.[3] Under the circumstances, the granting of a new trial for prejudicial error in the court's charge was imperative.

■ The trial court also granted a new trial on the ground that it had erroneously instructed the jury to disregard the argument of plaintiffs' counsel on the issue of damages in so far as it was based on

Minn. 247, 181 N. W. 348; Hoppe v. Boulevard Transp. Co. 172 Minn. 516, 215 N. W. 852; Waldo v. St. Paul City Ry. Co. 244 Minn. 416, 70 N. W. (2d) 289; 3 Dunnell, Dig. (3 ed.) § 1261.

[2]Strictly speaking, the phrase "the slightest negligence" is indicative of no particular standard of care since the slightest negligence may furnish a basis for liability even in a situation requiring only ordinary care.

[3]Whether it was proper to give the res ipsa loquitur rule in this case was doubtful. Assuming, without so deciding, that it was proper to give the rule, there would have here been no error in stating the elements of the res ipsa loquitur rule, as applied to a common carrier, if the court had said that the accident must be of a nature which usually does not occur in the absence of negligence of those who have control of the instrumentality. As to the elements and application of the res ipsa loquitur rule, see McCormick, Evidence, § 309, p. 643; Prosser, Torts (2 ed.) §§ 42, 43; 38 Am. Jur., Negligence, §§ 295, 311, 355; 20 Am. Jur., Evidence, §§ 133, 218; Rules of Civil Procedure, Rule 43.06; 13 Dunnell, Dig. (3 ed.) § 7044.

a mathematical formula which purported to evaluate damages for loss of earnings and pain and suffering on a per diem basis. It was error, of course, so to instruct the jury since this court has held that the use of the mathematical formula is proper for purely illustrative purposes.[4] It is difficult, however, to find prejudicial error in an instruction on the measure of damages when the jury, as here, never reached the question of damages. We have so held. Chase v. Tingdale Bros. 127 Minn. 401, 149 N. W. 654. The trial court concluded, however, that forbidding the jury to consider the per diem argument placed the plaintiffs in an unfavorable light before the jury to their prejudice. We need not consider this issue since, as already noted, a new trial must be granted for another error in the instructions. Defendant makes the interesting suggestion that the rule permitting the per diem argument for purely illustrative purposes should be qualified by requiring the expositor before the jury to reduce the illustrative amounts to their present worth since the jury is required to reduce any award of damages to its present worth. We need only observe that the arguments of both counsel in a personal injury case usually must be reduced to realistic values and that this deflationary function belongs to the jury.

Since the question may again arise on a new trial, we shall dispose of the issue as to the alleged error in permitting a witness to testify to a mere conclusion. A woman who was also a passenger on the train appeared as a witness for the defendant. This witness testified that she was sleeping when plaintiff Bridget fell to the aisle floor. She was then asked what she could state about the operation of the train. She replied:

"Well, I am not familiar with how that train operates, but of course any train that stops and goes as much as that one does doesn't run too smoothly, but as far as I can say it didn't bother at all when I was sleeping, *so I thought it was normal*." (Italics supplied.)

Plaintiffs' counsel made an adequate motion to strike the conclusion of the witness that she thought the operation of the train was normal.

[4]See, Boutang v. Twin City Motor Bus Co. 248 Minn. 240, 250, 251, 80 N. W. (2d) 30, 39.

The motion should have been granted although it is difficult to see that any prejudice occurred in view of the fact that the witness had properly been permitted to testify that the stopping of the train had not bothered her at all when she was sleeping.

We deem it unnecessary to consider certain other alleged errors which, no doubt, will be avoided on a new trial.

The order of the trial court is affirmed.

Affirmed.