HOWARD GREY THOMPSON and BILLIE BETH THOMPSON v. TONY LESTER KYLES and PINE STATE STEEL CORPORATION

No. 7920SC509

(Filed 19 August 1980)

1. **Damages § 3.4– continuous pain – compensation per specific time period – argument proper**

   It is proper to argue to a jury to compensate at a certain amount per specific time period when there is evidence of continuous pain.

2. **Damages § 16.4 – pain suffered by plaintiff – physician's testimony – sufficiency of evidence**

   In an action to recover for personal injuries sustained in an automobile accident, testimony by a physician that plaintiff visited her office at regular intervals from 20 June 1975 through 21 January 1976 and that plaintiff had pain in her legs on each visit was sufficient evidence from which the jury could conclude that plaintiff was in pain during the entire period.

3. **Trial § 11– personal injury action – mental anguish – jury argument**

   In an action to recover for personal injuries sustained in an automobile accident, a reference to mental anguish suffered by plaintiff did not require a reversal, particularly in light of the fact that there was no objection to the argument at the time it was made.

4. **Damages § 17.3– mental anguish – instructions adequate**

   In an action to recover for personal injuries sustained in an automobile accident, there was no merit to defendants' contention that the trial court erred in charging on mental anguish without recounting the evidence as to mental anguish.

5. **Trial § 52– award in personal injury action – failure to set aside as excessive**

   Defendants failed to show an abuse of discretion by the trial court in

failing to set aside as excessive a verdict awarding plaintiff $23,000 for injuries sustained in an automobile accident.

APPEAL by defendants from *Seay, Judge.* Judgment entered 17 February 1979 in Superior Court, RICHMOND County. Heard in the Court of Appeals 10 January 1980.

The defendants appeal from judgments based on jury verdicts for property damages in the amount of $1,335.00 to Howard Grey Thompson and personal injury in the amount of $23,500.00 to Billie Beth Thompson. The plaintiffs had been damaged in a collision between an automobile owned by Howard Grey Thompson and driven by Billie Beth Thompson and a truck owned by Pine State Steel Corporation and driven by Tony Lester Kyles.

*Van Camp, Gill and Crumpler, by James R. Van Camp and Douglas R. Gill, for plaintiff appellees.*

*Stanley W. West for defendant appellants.*

WEBB, Judge.

The defendants' first assignment of error raises the question of the propriety of a per diem or fixed formula argument to the jury by the plaintiffs' attorney as to damages for pain and suffering by Billie Beth Thompson. A per diem argument is an argument to the jury to award damages for pain and suffering at a certain rate per day, hour, or minute of pain and suffering. The plaintiffs' attorney in the case sub judice made the following argument to the jury:

"If you break this pain from days and you say how many minutes of some type of pain that is for you to decide over that period of time is that you come to 81,000 minutes, and this is based on 15 hours a day, not 24 hours, keeping somebody up or being up for that period of time, generally, undergoing some form of discomfort and pain, that is 81,000 minutes. Don't consider a dollar a minute, 50 cents a minute — about 25 cents a minute, 10 cents a minute, 81,000 minutes for this period of time. That's 12 weeks, 90 days. I

have already got it down. (Referring to poster board). By the way that's 1260 hours, considering 15 hours a day, 15 hours for those many days.

Now, how about the pain for the other 210 days which we admit is diminished, it's not as bad, is getting better . . . . We'll get up to January 21. 210. You can consider this 81 minutes, it has to be more than many minutes for 90 days, approximately 3 times as many minutes. You have got 3150 hours ... for pain and suffering. (Referring to poster board). What is it worth?"

The plaintiffs contend this is not a per diem argument because at no place is it suggested there was an actual computation or mathematical formula to calculate the money value of pain. We believe the argument was designed to get the jury to measure the pain and suffering in units of time, and this would be a per diem argument. The propriety of per diem arguments has not been decided in this jurisdiction. In *Jenkins v. Hines Co.*, 264 N.C. 83, 141 S.E. 2d 1 (1965), our Supreme Court reversed the superior court for allowing a per diem argument when the evidence did not show the plaintiff had continuous pain. Citing G.S. 84-14, the Court pointed out "[c]ounsel have a wide latitude in arguing their cases to the jury, and have the right to argue every phase of the case supported by the evidence, and to argue the law as well as the facts."

[1] Per diem arguments have been considered by the courts of other jurisdictions. See *Botta v. Brunner*, 26 N.J. 82, 138 A. 2d 713, 60 A.L.R. 2d 1331 (1958); *Franco v. Fujimoto*, 47 H. 408, 390 P. 2d 740 (1964); *Certified T.V. and Appliance Company v. Harrington*, 201 Va. 109, 109 S.E. 2d 126 (1959); *4-County Electric Power Ass'n v. Clardy*, 221 Miss. 403, 73 So. 2d 144, 44 A.L.R. 2d 1191 (1954); *Flaherty v. Minneapolis & St. Louis Railway Co.*, 251 Minn. 345, 87 N.W. 2d 633 (1958); and *McLaney v. Turner*, 267 Ala. 588, 104 So. 2d 315 (1958). The jurisdictions which have rejected per diem arguments have done so on the basis that the threshold of pain is different for different people, a price cannot be put on pain so that it can be evaluated by a specific time period, and the monetary valuation of pain is not subject to mathematical calculation. These jurisdictions say that a per-

Thompson v. Kyles

son must receive a fair and reasonable compensation for pain and suffering and it has to be left to the jury to determine what is a fair and reasonable compensation. The difficulty we have with this reasoning is that in determining a fair and reasonable compensation for pain and suffering for the entire period, the jury must take into account the very things these courts have said they must not take into account in computing damages for pain and suffering for specific time periods. If it is in evidence that a person is in pain for a certain period of time, we believe he is entitled to argue to the jury that they can consider the amount of pain and suffering endured during the specific time periods that comprise the entire period. It may be true that a price cannot be put on pain. Nevertheless, juries compensate parties for pain and suffering by awarding money damages. We hold it is proper to argue to a jury to compensate at a certain amount per specific time period when there is evidence of continuous pain.

[2] The defendants contend that it was improper to allow this argument by plaintiffs' attorney because there was not evidence that Billie Beth Thompson was in constant pain during the period. Dr. Tillie Caddell testified as to visits made to her office by Billie Beth Thompson at regular periods from 20 June 1975 through 21 January 1976. She testified that on each visit Billie Beth Thompson had pain in her legs. We hold this is evidence from which the jury could conclude Billie Beth Thompson was in pain during the entire period.

[3] The defendants next assign error to the following argument made to the jury by plaintiffs' attorney:

"How about the mental anguish? . . . How much? Maybe not a whole lot for that. You have got a lady who is not in her twilight years yet, I would say, she's going to live many more years. How many times, maybe not more than 5 or 6 years, maybe she can get over it, maybe next year she can get over it."

There was no evidence that Billie Beth Thompson was suffering with permanent mental anguish and defendants contend plaintiffs' counsel, by arguing as he did, argued something that

Thompson v. Kyles

was not in the record. There was no objection to the argument at the time it was made. It is arguable that this was not an argument that Billie Beth Thompson had permanent mental anguish. We hold the impropriety of this argument does not require a reversal. *See State v. Monk,* 286 N.C. 509, 212 S.E. 2d 125 (1975).

[4] The defendants next assign as error the court's charge to the jury that they could award damages in such "amount as you find by the greater weight of the evidence is fair compensation for the actual physical pain and mental suffering and mental anguish which are the immediate and necessary consequences of the injury." There was evidence that Billie Beth Thompson suffered mental anguish after the accident in that she now has to stop on the side of the road when she sees a truck approaching. The court did not recount this part of the evidence in its charge and defendants contend it was error to charge on mental anguish without recounting the evidence as to mental anguish. The defendants did not ask the court to recount this part of the evidence when the charge was given. This assignment of error is overruled.

[5] The defendants next assign as error the failure of the court to set aside the verdict as excessive, having been given under the influence of passion or prejudice. The defendants argue that there was special damages of approximately $600.00 with no permanent injuries and a jury verdict of $23,000.00 for Billie Beth Thompson is clearly excessive. It is largely within the discretion of the trial court as to whether to set aside a verdict. We hold no abuse of discretion has been shown in the case sub judice. *See Samons v. Meymandi,* 9 N.C. App. 490, 177 S.E. 2d 209 (1970).

In their last assignment of error, defendants ask this Court to remit the judgment. This we decline to do.

No Error.

Judges VAUGHN and MARTIN (Harry C.) concur.