PAUL HAIGLER WEEKS v. DOROTHY WALSH HOLSCLAW AND GARY LEE WALSH

No. 8125SC264

(Filed 5 January 1982)

1. Evidence § 50.1— expert testimony—permanency of injuries—reference to length of time

The trial court properly permitted plaintiff's expert medical witness to state his opinion, based upon a hypothetical question, that "after this long a time" plaintiff's injuries would have some permanency, since the witness's reference to the passage of time reflected one of the bases of his opinion and did not negate his testimony as an expert witness.

2. Evidence § 50.1— expert medical testimony—witness's experience with similar injuries

The trial court properly permitted plaintiff's expert medical witness to state the experience he had had with injuries similar to those plaintiff sustained in an automobile accident and to explain to the jury generally how he determined the presence of pain in a person suffering such injuries.

3. Damages § 17.5— reimbursement for sick leave—no reduction of damages for personal injury

In an action to recover damages for injuries received in an automobile accident, the trial court properly instructed the jury that plaintiff's damages should not be reduced because plaintiff was reimbursed for sick leave which he took from his employment.

4. Damages § 3.4— continuous pain—argument of per diem formula for damages

It was proper for plaintiff's attorney to argue a per diem formula for determining damages for injuries received in an automobile accident where plaintiff presented evidence that he suffered severe and continuous pain from the injuries which persisted up to the date of the trial.

APPEAL by defendants from *Wood, Judge.* Judgment entered 9 March 1981, in Superior Court, CALDWELL County. Heard in the Court of Appeals 12 October 1981.

Plaintiff sued defendants for injuries sustained when the automobile plaintiff was driving was hit in the rear by an automobile driven by defendant Holsclaw and owned by defendant Walsh. At trial, the defendants stipulated that defendant Holsclaw was negligent in the operation of the automobile and that her negligence would be imputed to defendant Walsh, the owner. The case was tried, therefore, solely on the question of damages sustained by the plaintiff.

Plaintiff's evidence tended to show that, after the 18 April 1979 automobile accident, plaintiff was examined by Dr. Theodore Hairfield, a physician, at the Caldwell Memorial Hospital Emergency Room. Plaintiff complained of neck pain as a result of having been driven forward by the blow to his automobile. After examining plaintiff, the physician diagnosed plaintiff's ailment as being a cervical sprain, i.e., a sprain of the neck on the left side, and he prescribed a muscle relaxant with pain-relieving qualities. Several times after the initial diagnosis, Dr. Hairfield was again consulted by plaintiff. On 23 April, Dr. Hairfield found that plaintiff continued to experience tenderness in the big folder muscle in his shoulder and the left side of his neck. There was motion pain in each direction of neck movement. Dr. Hairfield recommended continued use of the muscle relaxant. On 2 May, plaintiff returned to Dr. Hairfield with the same complaints, and the doctor asked him to restrict the use of his left arm and left extremities. On 8 May, Dr. Hairfield prescribed a pain medication with some inflammation suppression. Again, on 24 May, Dr. Hairfield examined plaintiff and found continued pain in the lower part of his neck. Shortly after that visit, on 13 June, plaintiff began to show improvement, and the doctor started exercises to improve muscle tone and power. Plaintiff, however, continued to experience discomfort with flexion of the neck and limitation of range of motion in the left arm. Dr. Hairfield was allowed to testify, over defendants' objections, that, in his opinion, plaintiff's injuries would have some permanency.

Plaintiff himself testified that, as a result of the accident, he suffered constant pain causing him to curtail normal activities

such as lawn mowing, jogging, cutting wood, and golfing. As a result of his physical inability to fit clothes, he found it necessary to cease working at a men's clothing store and to find other work which did not require manual labor. Plaintiff stated that the pain was located from the bottom of his scalp, down his neck and to his left elbow. His wife also testified and corroborated plaintiff's description of curtailed activities and continued physical difficulties.

The defendants offered no evidence, and the case was submitted to the jury on the following issue:

What amount of damages, if any, is the plaintiff, Paul Haigler Weeks, entitled to recover for personal injury?

The jury answered the issue, "$10,780.00." Defendants appealed.

*Beal and Beal, P.A., by Beverly T. Beal, for plaintiff-appellee.*

*Todd, Vanderbloemen and Respass, by James R. Todd, Jr., for defendant-appellants.*

ARNOLD, Judge.

[1] Defendants bring forward two assignments of error related to the trial court's admission into evidence of testimony by Dr. Hairfield. First, defendants argue that the court improperly allowed the following question and answer:

Q. Doctor, if the jury should find by the greater weight of the evidence that on or about April 18, 1979, Mr. Weeks was driving a Ford automobile two miles east of Lenoir, at approximately forty miles an hour, and that his vehicle was struck from behind by a vehicle driven by Mrs. Dorothy Holsclaw, and that when his car was struck, Mr. Weeks experienced pain in his neck, back, and shoulder immediately after the collision, and that you examined Mr. Weeks on April 18, 1979, and found the injuries which you have testified to, and that you examined Mr. Weeks on April 23, May 2, May 8, May 24, June 13, August 7, and December 10, and that you found his condition to be as you have testified, do you have an opinion satisfactory to yourself as to whether those injuries could or might be permanent injuries which Mr. Weeks will experience for the remainder of his life?

A. Yes sir.

Q. What is your opinion?

A. My opinion would be that after this long a time that they would have some permanency.

Defendants contend that the doctor's opinion was based on the length of time he had observed plaintiff and not on reasonable medical certainty. We find nothing wrong with the admission of his testimony. The witness had been qualified as a medical expert; he had testified about his numerous examinations of plaintiff and of his diagnosis of plaintiff's injury. The doctor's reference to the passage of time reflected one of the bases of his opinion and should not be read to negate his testimony as an expert witness. *See generally* 1 Stansbury § 135 (Brandis Rev. 1973). This assignment of error is overruled.

[2] Next defendants contend that the trial court erred in allowing Dr. Hairfield to testify about his experiences with other patients who had injuries similar to those of plaintiff. The record reveals that defendants objected to the following questions asked of Dr. Hairfield:

Q. Have you had opportunities to examine other persons with similar injuries?

A. Yes.

Q. Doctor, in regard to the report of pain by a person as Mr. Weeks reported the pain, was the report of pain that he expressed consistent with your experience with injuries of the same type?

A. Yes, sir, I would say so.

Q. Doctor in the practice of medicine in injuries of this type, what is the method used to determine whether or not pain exists?

A. Well, when the person tells you that "I can't reach up on the table and get a salt shaker without lifting my elbow because my shoulder hurts so bad, that is real impressive to me. I know that he is having difficulty because he wouldn't go to this sort of description. Also, if I lift his arm up and it makes his [sic] holler, or if I feel scraping and grating or

movement that causes pain, this is all we can use to judge
how much pain someone has.

Plaintiff apparently wanted to show to the jury the experience
the doctor had had with injuries similar to those plaintiff had sus-
tained in the automobile accident and to show the jury generally
how he determined the presence of pain. We find no prejudicial
error in the admission of this evidence.

[3] Defendants also assign as error the trial court's instructions
concerning damages plaintiff suffered by virtue of his having to
take sick leave from his employment. Defendants' position is that,
since plaintiff was reimbursed for those days of sick leave, he suf-
fered no damages compensable by defendants. We reject this
argument. The record shows that, during the course of plaintiff's
testimony, the trial court entered the following instruction:

> Ladies and Gentlemen, the fact that he was paid for sick
> leave, you are not to give the defendant the benefit of that, if
> you should find that this man was injured as a result of this
> accident. That is something that he earned from his work.
> You will not consider that as a benefit to the defendant. You
> will consider that he was out six days or whatever you find
> that he was out.

Since defendants failed to include in the record the trial court's
final charge to the jury, we cannot determine what the court's
eventual instructions were. We assume, however, for the sake of
argument that those instructions mirrored the ones quoted
hereinabove. Defendants cite no case directly supporting their
contention, and we have been unable to find a case decided in this
jurisdiction on point. We believe, however, that there are
analogous situations which provide the principle upon which to
decide the question. In *Spivey v. Wilcox Company*, 264 N.C. 387,
141 S.E. 2d 808 (1965), the Supreme Court held that evidence of
plaintiff's recovery of Workmen's Compensation benefits was in-
admissible as being incompetent and irrelevant. If damages are
awarded, "plaintiff . . . [is] entitled to recover the amount which
will fairly compensate him for his injuries as if he had received no
payments under the Workmen's Compensation Act." *Id.* at 390,
141 S.E. 2d at 811. Likewise, in *Young v. R. R.*, 266 N.C. 458, 146
S.E. 2d 441 (1966), the Court adopted the rule that the "plaintiff's
recovery will not be reduced by the fact that medical expenses

were paid by some source collateral to the defendant, such as . . . by the plaintiff's employer. . . ." Id. at 466, 146 S.E. 2d at 446, quoting 22 Am. Jur. 2d, Damages § 207.

Based on the foregoing, we hold that the trial court's instructions to the jury to disregard plaintiff's use of sick leave, a collateral source of benefit to plaintiff, was not error. Defendants' assignment of error is overruled.

[4] Finally, defendants contend that the trial court erred in allowing plaintiff's attorney to make the following per diem argument:

> Now, ladies and gentlemen, I have done a little figuring, and you can focus your attention over here just a little bit. I want to ask you to look with me for just a moment at some figuring that I have been doing. Now, ladies and gentlemen, you will recall that the evidence was that Mr. Weeks is in continuous pain. That was the evidence that he testified to. You will recall that the doctor expressed an opinion about the permanency of the injury, and his opinion was that it is a permanent injury. You will also recall that it was his opinion that the accident did cause the injury that he found when he examined Mr. Weeks, my client, and so let's talk about this permanent, this pain and suffering a little bit. Now, according to my figures it has been 608 days since the accident occurred. Let's talk about 608 days of pain, and let's not even talk about 24 hours a day. Let's talk about maybe 15 hours a day. 608 days at 15 hours of pain a day. Now, ladies and gentlemen, you add this up. 9,120 hours is what I get.

> Mr. Beal: 9,120 hours, ladies and gentlemen, 60 minutes an hour, I find that to be 367,200 minutes. Let us talk about, as far as the pain and suffering is concerned, fifty cents a minute in terms of what my client ought to receive.

> Mr. Beal: Well, let's talk about ten cents a minute, ten cents a minute from the time of the accident until now. I get that to be $36,720.00.

On this question, we find controlling the case of *Thompson v. Kyles*, 48 N.C. App. 422, 269 S.E. 2d 231, *disc. rev. denied*, 301 N.C. 239, 269 S.E. 2d 231 (1980), where this Court held that it was proper for plaintiff's attorney to argue a per diem formula for

determining damages where there was evidence of continuous pain. In the case *sub judice*, plaintiff presented sufficient evidence from which the jury could determine that plaintiff was injured in the automobile accident and that that injury caused severe and continuous pain which persisted up to the date of the trial. In this regard, our holding is not inconsistent with *Jenkins v. Hines Co.*, 264 N.C. 83, 141 S.E. 2d 1 (1965), in which the Supreme Court held such per diem argument erroneous where there was no evidence of continuing pain.

We have also reviewed defendants' contention that the trial court should have instructed the jury that plaintiff's per diem arguments were mere illustrations and not evidence. Such an argument is well taken. Since, however, the defendants failed to submit for review the court's charge, we are unable to determine what instructions were given concerning plaintiff's argument. We, therefore, overrule defendants' assignment of error.

In the trial of this case, we find

No error.

Chief Judge MORRIS and Judge BECTON concur.