JONES v. HUGHES

[110 N.C. App. 262 (1993)]

JODI ALLISON JONES, BY HER GUARDIAN AD LITEM, LARRY STEVE JONES, AND LARRY STEVE JONES AND WIFE, DEANNE YOUNG JONES, INDIVIDUALLY v. CHRISTIAN LEIGH HUGHES AND C. L. HUGHES, III

No. 9224SC300

(Filed 18 May 1993)

1. **Evidence and Witnesses § 2237 (NCI4th)— community services available to injured plaintiff—testimony of expert admissible**

   In an action to recover damages for injuries sustained in an automobile accident, the trial court did not err in admitting expert testimony by the vice president of community services at an Avery County hospital concerning the types of services which plaintiff could have used and how much they would have cost, since the witness based her testimony on appropriate information, and her description of the services offered by private nurses and assistants and the costs of such services could have aided the jury in valuing the services which plaintiff's parents provided for her.

   **Am Jur 2d, Expert and Opinion Evidence §§ 37, 38.**

2. **Evidence and Witnesses § 2237 (NCI4th)— testimony of dentist—qualification as expert—testimony based on adequate information**

   In an action to recover damages for injuries sustained in an automobile accident, the trial court did not err in admitting the testimony of a dentist, since he was qualified as an expert; his opinion as to the injuries to plaintiff's teeth was helpful to the jury; and he properly based his opinion upon his own examination of plaintiff, consultation with her orthodontist and endodontist, and a review of their reports.

   **Am Jur 2d, Expert and Opinion Evidence §§ 37, 38.**

3. **Damages § 178 (NCI4th)— automobile accident—evidence of damages—award not excessive**

   There was no merit to defendants' contention in an action for damages arising out of an automobile accident that an award of $100,000 for plaintiff's injuries and $20,000 for her parents' health care services was excessive where plaintiff had to have steel wire woven through her gums and a hole

drilled through a bone in her leg; she was in the hospital for 24 days and recovered at home for 57 days; she saw six different doctors or dentists, had three root canals, and would soon experience extraction of her two front teeth; bridgework associated with the extraction will cost $5500 to $5600; she will be required to replace the bridges several times throughout her life at a cost of $39,000 or have false teeth installed at a cost of $48,000; she suffered permanent scarring and disfigurement; and the value of the parents' services was between $11,000 and $18,000 plus mileage.

**Am Jur 2d, Damages §§ 1017, 1018.**

Appeal by defendants from judgment entered 3 October 1991 by Judge Claude S. Sitton in Avery County Superior Court. Heard in the Court of Appeals 11 February 1993.

*Hemphill & Gavenus, by Kathryn G. Hemphill, and Norris & Peterson, P.A., by Allen J. Peterson, for plaintiffs-appellees.*

*Watson and Hunt, P.A., by Charlie A. Hunt, Jr., for defendants-appellants.*

LEWIS, Judge.

Plaintiffs' claim for damages arising out of an automobile accident was tried before a jury at the 30 September 1991 term of Avery County Superior Court. The jury awarded the minor plaintiff $100,000 for her injuries, and awarded her parents $22,200 for her medical expenses and $20,000 for the value of their services rendered in caring for their daughter. Defendants appeal, objecting to the expert testimony on the costs of various healthcare services, the testimony of a dentist, and the denial of their motion for a new trial.

Plaintiff Jodi Allison Jones (hereinafter "Jodi") was injured on 7 September 1987 when the car in which she was riding hit a utility pole. The car was driven by defendant Christian Leigh Hughes and owned by defendant C.L. Hughes, III. Plaintiffs Larry Steve Jones and Deanne Young Jones, Jodi's parents, sued for the injuries incurred by their daughter, and for damages for present and future medical, hospital and drug expenses. Defendants stipulated to their negligence prior to trial. Although plaintiffs administered their daughter's care themselves, the trial court ad-

mitted evidence of various types of health services that plaintiffs could have utilized, and the cost of such services. Plaintiffs introduced evidence that they had spent a total of 1,104 hours caring for Jodi and 120 hours transporting her to doctors and dentists. The court also permitted a dentist to testify that Jodi would have lost one of her teeth as a result of the accident, notwithstanding a subsequent fracture to the same tooth in November 1990.

---

I. Expert Testimony

Defendants object to the expert testimony of Susan Ware and Dr. Warren, both of whom were properly admitted as experts. We note at the outset that under Rule 702 of the North Carolina Rules of Evidence, expert testimony is admissible if it "will assist the trier of fact to understand the evidence or to determine a fact in issue . . . ." N.C.G.S. § 8C-1, Rule 702 (1992). If the expert is in no better position to make a determination than the members of the jury, the testimony is inadmissible. *Braswell v. Braswell*, 330 N.C. 363, 377, 410 S.E.2d 897, 905 (1991). An expert may base his or her opinion upon

> facts or data in the particular case . . . perceived by or made known to [him or her] at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

§ 8C-1, Rule 703. Thus, an expert need not have first-hand knowledge in order to give an opinion. *State v. Purdie*, 93 N.C. App. 269, 276, 377 S.E.2d 789, 793 (1989).

A. Susan Ware's Testimony

[1] Defendants first object to the testimony of Susan Ware, vice president of community services at Sloop Memorial Hospital in Avery County, regarding the types and costs of health care services her agency could have provided for Jodi. Defendants stress that no such care was provided to Jodi, and that Ms. Ware had no knowledge of what care Jodi actually received in the hospital. Defendants therefore claim that Ms. Ware's testimony was irrelevant. Plaintiffs contend the evidence was submitted to the jury for comparison purposes.

JONES v. HUGHES

[110 N.C. App. 262 (1993)]

Ms. Ware stated that in her opinion Jodi could have used the services of a private nurse or certified nursing assistant. Ms. Ware arrived at this conclusion after considering Jodi's medical records and a summary of her post-accident history and visits to various physicians. She considered previously admitted evidence on the course and length of Jodi's hospital stay, her condition during hospitalization, and her condition while recuperating at home. Her description of a private nurse's services was very similar to the care Jodi's parents actually provided, according to plaintiffs. Ms. Ware testified that the cost of a certified nursing assistant would have been nine dollars per hour, and the cost of a private duty nurse would have been fifteen dollars per hour.

. We find the court properly allowed the testimony of Ms. Ware. She was qualified to testify as an expert, and she based her opinion upon appropriate information. Her description of the services offered by private nurses and assistants and the costs of such services could have aided the jury in valuing the services Jodi's parents provided for her. The jury knew that Jodi's parents were not health care professionals and could have taken this factor into consideration in valuing their services. It was up to the jury to weigh the testimony and evidence before them.

B.  Dr. Warren's Testimony

[2]  Defendant also objects to the testimony of a dentist, Dr. Robert Lee Warren. Jodi had suffered permanent dental injuries as a result of the accident. Tooth number 8 was knocked out of her mouth, and teeth numbers 7, 9 and 10 were knocked out of their normal position. Between the time of the accident and July 1991 Jodi saw an endodontist, Dr. Linebarger, who performed root canals and other endodontic treatment. Dr. Linebarger had noticed a fracture to tooth number 9 after a November 1990 basketball injury. In June 1991, x-rays showed "accelerated root resorption" of teeth numbers 8 and 9, and an orthodontist then referred Jodi to Dr. Warren.

Dr. Warren first saw Jodi in August 1991, almost four years after the accident, and after she had injured her mouth in the basketball game in November 1990. In September 1991 Dr. Linebarger informed Dr. Warren of the fracture in tooth number 9. At trial, Dr. Warren qualified as an expert witness in the areas of general and restorative dentistry. He testified that Jodi had been referred to him, he had seen her as a patient in his office,

JONES v. HUGHES

[110 N.C. App. 262 (1993)]

and he had reviewed her medical history. He explained his recommended course of treatment, which included extraction of teeth numbers 8 and 9 and the installation of a bridge to replace those teeth, and the length and cost of such treatment. Dr. Warren testified that in his opinion Jodi would have lost tooth number 9 regardless of the trauma caused by the basketball injury.

Defendants emphasize that Dr. Warren knew little about the November 1990 basketball injury or the extent of the resulting trauma, and that therefore he did not have a proper basis for his opinion. Defendants claim that Dr. Warren's "short synopsis of the resorption process and the result of endodontic treatment" was not within his area of expertise since he is not an endodontist. According to defendants, Dr. Warren's testimony was prejudicial because it indicated that Jodi would lose both upper front teeth as a result of the accident instead of only one of them.

We find Dr. Warren's testimony was properly admitted. He was qualified as an expert, his opinion was certainly helpful to the jury, and he properly based his opinion upon his own examination of Jodi, consultations with her orthodontist and endodontist, and a review of their reports.

II.  Denial of New Trial Motion

[3]  Defendants requested a new trial under Rule 59 of the North Carolina Rules of Civil Procedure, claiming that the jury had manifestly disregarded the instructions of the court, the damages awarded were excessive, the evidence was insufficient to justify the verdict, and errors of law occurred at trial and were objected to by defendants. N.C.G.S. § 1A-1, Rule 59(a)(5), -(6), -(7), -(8) (1990). In their brief defendants have not addressed the first and last of these contentions: manifest disregard of the instructions and errors of law. We therefore decline to address those issues here. We note that a ruling under Rule 59 is within the sound discretion of the trial judge and will not be reversed absent a manifest abuse of discretion. *Worthington v. Bynum*, 305 N.C. 478, 484, 290 S.E.2d 599, 603 (1982). In their argument defendants do not object to the award of $22,220 for medical expenses, but do object to the award of $100,000 for Jodi's injuries and $20,000 for her parents' services.

Defendants claim the awarded damages were excessive in light of the fact that the only permanent injuries sustained were to

**JONES v. HUGHES**

[110 N.C. App. 262 (1993)]

Jodi's teeth. Here again they raise their objection to Dr. Warren's testimony that Jodi would have lost tooth number 9 as a result of the accident regardless of the subsequent injury. Since we have determined that Dr. Warren's testimony was properly admitted, we find this argument unpersuasive.

We note that Jodi suffered other injuries as well. Immediately after the accident she had to endure two very painful procedures: she had steel wire woven through her gums, and she had a hole drilled through a bone in her leg. She was in the hospital for 24 days, and recovered at home for 57 days. She saw six different doctors or dentists, had three root canals, and would soon experience the extraction of her two front teeth. The bridgework associated with the extraction will cost $5,500 to $5,600. She will be required to either have the bridges replaced several times throughout her life, at a cost of $39,000, or have false teeth installed at a cost of $48,000. Defendants stipulated to the fact that she has suffered permanent scarring and disfigurement.

We do not find a manifest abuse of discretion here. We note that in *Thompson v. Kyles*, 48 N.C. App. 422, 269 S.E.2d 231, *disc. rev. denied*, 301 N.C. 239, 283 S.E.2d 135 (1980), the Court found no abuse of discretion where the jury awarded $23,000 in damages, and the evidence showed no permanent injuries and special damages of only $600. *Id.* at 426, 269 S.E.2d at 234.

Defendants also claim the evidence was insufficient to support the $20,000 award to Jodi's parents. Although Ms. Ware testified that nursing services would have cost between nine and fifteen dollars an hour, defendants claim the services rendered by Jodi's parents were worth nine dollars an hour at the most, due to their lack of training. Using that figure the value of their services would have totalled about $11,000, much less than the $20,000 awarded. The fifteen dollar per hour figure yields a total of over $18,000, not including the professional rate of 25¢ per mile travelled.

It was within the jury's discretion to value the parents' services, taking into consideration the evidence comparing their services to those of a professional. We find no abuse of discretion here.

Affirmed.

Judges JOHNSON and JOHN concur.